## J. D. Sugg et al. v. Jas. T. Thornton.

### No. 5629.

**Citation—Suit Against Partnership.**—Suit was filed against J. W. Sacra, E. C. Sugg & Bro., and others. The firm of E. C. Sugg & Bro. was alleged to be composed of said E. C. Sugg and T. D. Sugg, called Iker Sugg. The latter was a non-resident. The resident defendants were regularly served with citation. Notice was served upon the non-resident defendant under name of Iker Sugg. At return term judgment final by default was rendered against all the resident defendants and against the firm of E. C. Sugg & Bro., composed of E. C. and I. D. (or Iker) Sugg. No personal judgment against the latter. During the term J. D. Sugg filed a motion to set aside the judgment against E. C. Sugg & Bro., alleged that he was the partner in said firm with E. C. and that his name was not T. D. or Iker but was J. D. Sugg and sometimes called Ikard. That the firm E. C. Sugg & Bro. were sureties, and that E. C. Sugg had no authority to bind the firm by signing the note as security, etc. The plaintiff in answer to the motion alleged that Sacra and E. C. and J. D. Sugg were partners, and that E. C. Sugg was accustomed to sign the firm name and as security, and asked that the judgment be amended so as to correct the names of the members of the firm. Affidavits for and against the truth of the allegations were heard. The court overruled the motion and amended the names. *Held,* on appeal:

1. The court having heard the parties upon the merits of the motion and the testimony being conflicting its action will not be revised.

2. The judgment being against E. C. Sugg and E. C. Sugg & Bro. was a final disposition of the case as to all the parties, the jurisdiction over the firm having been obtained by service upon the resident members.

3. The amendment in the judgment during the term was within the power of the court.

APPEAL from Cooke. Tried below before Hon. F. E. Piner.

The opinion states the case.

*Davis & Garnett,* for appellants. — 1. The court erred in overruling the motion of defendant J. D. Sugg to vacate the judgment herein. Osborne v. Stone, 30 Minn., 25; Kaiser v. Fendrick, 98 Pa. St., 528.

2. The judgment is erroneous in not showing any disposition of the case as to defendant J. D. Sugg, otherwise called Iker Sugg. Davidson v. Bond, 12 Ill., 84; Dow v. Rattle, 12 Ill., 373; O'Hara v. Lanier, 1 B. Mon., 100; Warren v. Lewis, 1 B. Mon., 119; Pruitt v. Caruthers, 8 Miss., 304; Hutchins v. Sims, 7 Humph., 236.

3. Though defendant J. D. Sugg was a party to the suit there was no discontinuance as to him or any disposition of the case as to him in said judgment.

4. The record shows that the court had no jurisdiction of defendant J. D. Sugg. Ward v. Lathrop, 4 Texas, 180; Ward v. Lathrop, 11 Texas, 287; Campbell v. Wilson, 6 Texas, 380; Pennoyer v. Neff, 95 U. S., 714.

5. The pretended notice served upon defendant J. D. Sugg, or Iker Sugg, was without authority and a nullity. Pennoyer v. Neff, 95 U. S., 714.

*Potter & Hughes*, for appellee. —1. The suit being against the partnership of E. C. Sugg & Bro. it was proper to take the judgment against the partnership and the partner served without mentioning the other partner specially. Rev. Stats., art. 1224; Alexander v. Stern, 41 Texas, 193; Hedges & Williams & Sons v. Armistead, 60 Texas, 276; Hale v. Van Soum, 18 Iowa, 19; Flarmery v. Anderson, 4 Nev., 437; Brooks v. McIntyre, 4 Mich., 316; Kidd v. Brown, 2 How. Pr., 20; 7 How. Pr., 229; 10 Ia., 445; 8 Ia., 474; Keorney v. Ferner, 14 La. Ann., 870; 1 La. Ann., 146; Ross v. Everet, 12 Ga., 30; Wright v. Harris, 24 Ga., 415. For the statutory control of such judgment see Shapord v. Lightfoot, 56 Ala., 506; 1 Lindl. on Part., bottom page 669, marginal 475.

2. If the notice to Iker or J. D. Sugg had been duly served and returned into court before the judgment by default was taken, if the legality of that service was questionable either in the State or Federal courts having jurisdiction of the same, the appellee was not bound to take such questionable judgment, but might have his judgment against the partnership under the statute.

3. If Iker Sugg was legally before the court at the time the judgment by default was taken the taking of such judgment against the partnership and E. C. Sugg was a merger of the cause of action, and no further proceeding could be had against Iker Sugg thereon, and he could not be heard to complain of the judgment. Gaut v. Reed, 24 Texas, 56; Nichols v. Burton, 5 Bush., 320; Candee v. Clark, 2 Mich., 255; Arevil v. Louks, 6 Barb., 19; Sloo v. Lea, 18 Ohio, 279; United States v. Trofton, 4 Story, 646; Crosby v. Jeroloman, 37 Ind., 276; Mason v. Eldred, 6 Wall. Our statute is unlike the statute of Massachusetts referred to in this last case. Art. 1157, Rev. Stats.

Acker, Presiding Judge. —Suit by appellee on a promissory note payable to him, signed by J. W. Sacra, J. W. Wilson, Isaac Cloud, and E. C. Sugg & Bro. Sacra, Wilson, Cloud, and E. C. Sugg were residents of this State, and each was regularly served with citation. J. D. Sugg, who was a member of the partnership of E. C. Sugg & Bro., resided in Wyoming, and process was taken for him to be executed as provided for in articles 1230 to 1234 of Revised Statutes. Both in the petition and the process issued against him J. D. Sugg was called "Iker Sugg." The citation and certified copy of the petition were served upon him on the 16th day of October, 1885. On November 6, 1885, none of the defendants having answered, and before the return of service upon J. D. Sugg, judgment by default was rendered against Sacra, Wilson, Cloud, and E. C. Sugg individually, and against the partnership of E. C. Sugg & Bro., composed of E. C. Sugg and "I. D. Sugg," but no order was made nor judgment entered as to "Iker, or I. D. Sugg," individually.

On December 5, 1885, "J. D. Sugg" filed a motion to vacate the judgment so far as it affected him and his individual property, and so far as it affected the property of the partnership of E. C. Sugg & Bro.

The grounds stated in the motion were: That the note was not given for a partnership liability of his firm, but that the firm name was signed thereto as surety for Sacra and without authority, it being outside the scope of the partnership.

That the judgment did not dispose of the case as to him.

That his name was not "Iker" or "I. D. Sugg," but J. D. Sugg, sometimes called "Ikard Sugg."

That the partnership of E. C. Sugg & Bro. owned property in the State of Texas and was largely indebted, and that the assets of the firm would be required to pay its debts.

The motion was sworn to by appellant, and E. C. Sugg made affidavit that he signed the firm name without authority, and that the note was given for money loaned Sacra, all the other makers being sureties only.

Affidavits of others were filed to the effect that Sacra was principal and other makers were sureties, and that appellant's name was J. D. Sugg, sometimes called "Ikard Sugg," but never "Iker Sugg."

In reply to this motion appellee filed an answer asking that the judgment be corrected as to the name of appellant, and alleging that appellant and Iker Sugg were one and the same person, who, with E. C. Sugg, composed the partnership of E. C. Sugg & Bro.; that E. C. Sugg & Bro. owned property in Texas, Wyoming, and the Indian Territory, of the value of about a million dollars, and that they were attempting to dispose of their property with the intent to defraud their creditors; that plaintiff had obtained a judgment lien against their real estate in Texas; that said defendants frequently met plaintiff and his counsel and talked to him about said judgment and its payment, but never claimed that the firm name was signed to the note without authority until after they discovered that steps had been taken to subject their property to its payment; that the want of authority to bind the firm by the signature to the note was set up by appellant for the fraudulent purpose of relieving the property of defendants from the lien of the judgment, and not because the same is true in fact; that both members of the firm of E. C. Sugg & Bro. were served with copies of the petition long before the judgment was rendered, and they were fully advised of the character of the note sued on, but made no attempt to make any defense to the suit, and show no reason or excuse for not doing so; that it had been the custom of E. C. Sugg to sign the firm name as security or otherwise as he saw proper to do, and his right to do so had always been recognized by appellant, and liabilities so created had always been paid by the firm; that plaintiff had no knowledge or means of knowing the want of authority in E. C. Sugg to sign said note; that at the time

the note was given Sacra and Sugg & Bro. were partners and owned the property in Donley County, Texas, which plaintiff is now attempting to subject to the payment of the judgment; that plaintiff is informed that the money for which the note was given was used for the benefit of the firm of Sacra and Sugg & Bro.; that after the maturity of the note Sacra, transferred all of said property to E. C. Sugg & Bro., and that Sugg & Bro. knew at the time that said note was unpaid. The answer asked that if the facts alleged be denied that proof be heard thereon. Affidavits of several person were filed in support of the averments of the answer.

There was no reply to this answer. The court overruled the motion to vacate and set aside the judgment, and entered an order directing the clerk to correct the judgment as asked by appellee so as to give appellant's name correctly.

The allegations of the motion to set aside the judgment if not denied nor contested were sufficient to entitle appellant to have the judgment vacated, provided there had been no want of diligence upon his part in failing to interpose the defenses set up in his motion prior to the judgment.

The material allegations of the motion were denied by the answer of appellee, and without objection the court proceeded to determine the issues upon affidavits filed by both parties. Appellant having thus submitted to a trial of the issues in that way he can not now be heard to complain of the result. Had objection been made to any inquiry save upon the question of diligence it would doubtless have been sustained, and the court would have heard proof only on that question. It clearly appears that a copy of the petition was placed in the possession of appellant as early as the 16th of October, before the judgment was rendered on the 6th of November, by which he was fully advised of the existence of the note and the character of the suit. He knew that his partner would be served with citation, and is presumed to have known that the law authorized judgment against his firm on such service. It is alleged in the answer to the motion, and the allegation is supported by affidavit, that both members of the firm of E. C. Sugg & Bro. conversed with appellee and his counsel about the judgment and its payment, and nothing was said by either of them in regard to want of authority in E. C. Sugg to sign the firm name to the note until the motion to vacate was filed. The issues raised by the motion to set aside the judgment and the answer thereto having been tried by the court below upon affidavits without objection, as the affidavits are conflicting, we think the judgment should not be disturbed.

It is contended that the judgment is erroneous because it makes no disposition of the case as to appellant.

The judgment is not against him, does not discontinue the case as to

him, nor does it contain any allusions to him except in the use of his name as descriptive of the partnership of E. C. Sugg & Bro.

If the judgment does not in terms or legal effect dispose of the case as to all defendants it is not a final judgment, and this appeal could not be entertained.

Appellant was a non-resident of this State, and the court could acquire no jurisdiction of his person except by his appearance and voluntary submission to the jurisdiction. This he might have done and made any defense to the suit that any citizen of this State would have been entitled to make. The judgment rendered was the only judgment that could have been rendered, and we think it a final judgment.

The court retained complete control of the judgment during the term at which it was rendered, and did not err in permitting it to be amended as to the name of appellant so as to correctly describe the partnership against which the judgment was entered.

We find no error in the record requiring reversal, and are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 8, 1888.

Motion for rehearing was filed. It was transferred to Tyler Term, where it was overruled.

The opinion in this case was not received by the Reporter in time to be reported in its proper order.