# JOERNS v. LA NICCA.

1. **Judgment:** BY DEFAULT : SETTING ASIDE : TERMS : APPLICATION OF RULE. Before a defendant against whom a judgment upon default has been entered is entitled to have it set aside, he must show by affidavit (1) a meritorious defense to plaintiff's claim, or some portion of it; and (2) a reasonable excuse for having made the default. But where the court, upon hearing the motion to set aside the judgment, required the plaintiff to remit a portion of it, and, upon that being done, overruled the motion, *held* that such order implied a finding of facts showing a sufficient excuse for the default; for otherwise defendant would not have been entitled to any relief; also that the granting of such partial relief implied a finding, as matter of law, that defendant had shown a meritorious defense as to a part of plaintiff's claim. And it appearing from the record that such finding of law was correct, and the finding of fact being presumed to be justified by the evidence, *held*, further, that the order overruling the motion was erroneous, because inconsistent with these implied findings of the court. [SEEVERS, J., *dissenting*].

2. —— : —— : —— : SHOWING OF MERITS : EVIDENCE. Upon the hearing of a motion to set aside a judgment by default, no evidence can be received as to the merits of the defense shown, except the affidavits filed in support of the motion. If that showing is sufficient in law, it must be accepted for the purposes of the motion. Whether it is true in fact must be determined upon a new trial, if one is granted.

3. **Change of Venue:** ERROR : JURISDICTION : APPEAL. If it be error to grant a change of venue for the trial of a cause, without notice to the defendant, after a default has been entered against him, such error does not affect the jurisdiction of the court to which the cause is removed, and it cannot be reviewed upon an appeal from a judgment rendered in that court.

*Appeal from Dubuque District Court.*—HON. C. F. COUCH, Judge.

FILED, MAY 12, 1888.

VOL. 75—45

THIS is an appeal by defendant from an order of the district court overruling a motion to set aside a judgment which was entered by default.

*Fouke & Lyon,* for appellant.

*Henderson, Hurd & Daniels, George Crane* and *W. G. Joerns,* for appellee.

REED, J.—Plaintiff is a daughter of defendant. The allegations of the petition in substance are that her mother, at the time of death, which occurred in Switzerland in 1859, was the owner of certain personal and real property situated in that country, which descended in equal shares to her and a sister, they being the sole surviving children. That, she being a minor, a guardian of her person and property was appointed by the tribunal of Switzerland having jurisdiction of such matters, her domicile at the time being in that country. That in 1869, the defendant, who was then a resident of this state, applied to said tribunal to be appointed guardian of her person and property, and for the discharge of the former guardian, and that such proceedings were had that the former guardian was discharged, and defendant appointed in his stead. That he subsequently brought her to Dubuque, where she has since resided, and that he received large sums of money which came into his hands as such guardian, being the proceeds derived from the sale of said property; and that at the time of her mother's death, he had in his hands the sum of eighteen hundred dollars belonging to the mother, which he derived from the sale by him of certain lands in Dubuque county which belonged to the mother, he having a power of attorney from her to make such sale, and that one-third of the amount descended to her upon the death of her mother, and that he has never in any manner accounted to her for any portion of the moneys so received by him, although she has attained her majority. Her prayer is that the amount due her be

Joerns v. La Nicca.

ascertained, and that she have judgment therefor, and that the same be made a special lien upon certain real estate belonging to defendant, which, she alleges, was paid for in part with the moneys so received by him. The action was brought originally in the circuit court, and defendant was duly served with an original notice. At the first term of the court after the service of the original notice no action was taken in the cause, and it was continued generally; and at a subsequent term, no appearance having been made by defendant, he was adjudged to be in default, but no final judgment was rendered at that term. At a subsequent term plaintiff filed a motion for a change of place of trial, on the ground of the alleged prejudice of the judge, which was sustained, and the cause transferred to the district court, and at a subsequent term of that court the proofs in support of the cause were submitted, and judgment was entered for plaintiff as prayed in the petition. At the same term defendant filed his motion to set aside the default, the grounds of which are: "( 1 ) The court had no jurisdiction to grant a default, the change of venue having been obtained without any notice to defendant. ( 2 ) Said change of venue was taken and default entered, in violation of the promise of the attorney of plaintiff, while said action was pending in the circuit court, to dismiss the said suit. (·3 ) The decree was entered upon *ex-parte* testimony which is chiefly hearsay. ( 4 ) Because the testimony was taken by and before her husband and attorney, and is the result of a family party; the husband dictating as attorney to the wife, and then acting as qualifying officer. ( 5 ) For the reasons stated in addition in annexed affidavit." In the affidavit filed in support of the motion, defendant testified that after the original notice was served, and before the default was entered, he had a conversation with plaintiff's husband, who is also one of her attorneys, and that in that conversation the husband promised to dismiss the suit, and that, relying on that promise, he neglected to employ counsel, or to appear and defend in the action, and that he had no knowledge

or information that such promise had not been performed, or that the suit was still pending, until advised, a day or two after the judgment was rendered, of its rendition. The affidavit, and an additional one subsequently filed, also contained a lengthy statement with references to the moneys received from the property in Switzerland. The tendency of this statement is to show that the amount actually due plaintiff on that account is much less than that claimed by her in her petition and awarded by the judgment. The affidavit also avers that, while the title to the Dubuque county lands mentioned in the petition was in defendant's wife, it in fact belonged to him, and that the title was placed in her as a matter of convenience, and that neither she nor her heirs had any interest in the money derived from the sale of it. In resistance of the motion, plaintiff filed the affidavit of her husband, in which he denied that he had ever made the statement or promise to dismiss the action testified to by defendant. She also filed a transcript from the record of the probate court of Switzerland, and other documentary evidence, the tendency of which was to show that defendant had received many items of money from the Switzerland property in addition to those mentioned in his affidavits. On the hearing of the motion the court required plaintiff to remit $2,758.10 of the judgment, and, a remittance of that amount being filed, the motion was overruled. It was conceded by counsel for appellee on the argument that the amount so required to be remitted was the sum awarded by the judgment on account of the money received by defendant for the Dubuque county lands. The proceeding to set aside the default is under Code, section 2871, which is as follows : " Default may be set aside on such terms as the court may deem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits be filed, and a reasonable excuse shown for having made such default, * * * " Under this provision, defendant, before he will be entitled to the relief demanded, must do two things, viz. : ( 1 ) He must show by his affidavit that he

has a meritorious defense to plaintiff's claim, or to some portion of it; and (2) he must show a reasonable excuse for having made the default. It is manifest from the language of the provision that there can be no inquiry either as to the sufficiency or the competency of the evidence upon which the judgment was rendered. We are clear, also, that there is nothing in the claim that the district court did not have jurisdiction to enter the judgment. The application for the change of venue was a matter within the jurisdiction of the court to which it was addressed. The court may have erred in granting the change, but its order was not void, and the question cannot be reviewed on this appeal. We are also of the opinion that no evidence in addition to that offered by defendant in support of the motion can be received as to the merits of the defense. That is, if the affidavit of merits shows a defense good in law, it must in this proceeding be accepted, and there can be no further inquiry as to the truth of the defense; but that question is left for determination upon the trial, if a retrial is granted. By the order requiring plaintiff to remit a portion of the judgment, the district court in effect determined that as to that item defendant's affidavit showed a meritorious defense. The order also implies a finding by the court that the showing in excuse of the default is sufficient, for it determines that to that extent defendant was entitled to relief. But, unless reasonable excuse was shown for having made the default, he was entitled to no relief whatever. In other words, it is necessarily implied from the order that the court determined the question of fact as to whether plaintiff's husband and attorney promised to dismiss the action in defendant's favor. The question for determination, then, is whether the showing made in defendant's affidavits of merits constitutes a defense to plaintiff's claim, and we think that question should be answered in the affirmative. If his statement shows the actual amount of money received by him from the property in Switzerland, the claim made by plaintiff in

her petition, and the amount awarded her by the judgment, is largely in excess of the amount actually due her. And this is true, leaving out of the account the claim made by defendant that, under the laws of Switzerland, he was entitled to the use of the property until she attained her majority. We think, therefore, .that the court erred in overruling the motion to set aside the default, and the order will accordingly be

REVERSED.

SEEVERS, J., ( *dissenting* ). Upon what grounds the district court proceeded when it required the plaintiff to remit a portion of the judgment the record fails to disclose, and I am forced to the conclusion that a finding of the court must be implied to the effect stated in the opinion. It seems to me error is assumed or presumed, and clearly such is not the rule. The presumption must be indulged that the court granted all the relief the defendant was, in the judgment of the court, entitled to.