BENTLEY WORTH, Appellant, v. IRA P. WETMORE *et al.*, Defendants, and ABBEY SCRIBNER, Appellee.

1. Judgment by Default: SETTING ASIDE: CONDITIONS. A motion to set aside a judgment by default, under section 2871 of the Code, must be made at the term at which the judgment was entered, and must be accompanied with an answer.

2. ———: ———: EFFECT OF. The setting aside of a judgment by default does not authorize the court to amend the judgment, but only opens the way for the filing of an answer, and the trial of the issues thus raised.

3. ———: ———: PROCEDURE. On the hearing of a motion to set aside a judgment by default, the court can not take testimony to establish the truth of the facts alleged in the affidavit of merits; but when the motion and affidavit show a reasonable excuse for the default, and a meritorious defense, and they are accompanied with an answer, the court must pass upon the motion, upon the showing made upon the face of the papers. It is only after the motion has been sustained, and the proffered answer admitted to the files, that an issue is made upon which the court may take testimony, and it is only upon testimony so taken that it has power to amend the judgment previously entered.

4. ———: PROCEEDINGS TO VACATE: IRREGULARITY OF PROCEDURE:, WAIVER. Where proceedings to vacate a judgment after the term at which it was rendered were instituted in the form of a motion instead of by petition, but which otherwise complied with the require-

ments of the statute, and the opposite party appeared without the service of notice and took part in the hearing, and the court, having, in effect, set aside the judgment, proceeded at once, without objection from either party, and without having any issues framed, to determine the validity of the defense offered as presented by the party filing the motion, *held*, that all objections to the form of the proceedings were waived.

5. ———: ———: GROUNDS: EVIDENCE. In an action to foreclose a mortgage, the holder of a junior judgment was made a defendant, and a decree of foreclosure was entered against her upon default. The mortgage and petition described land upon which the judgment creditor claimed no lien, except by virtue of her judgment, but the decree prepared in the case, and signed by the judge, and entered of record, described land upon which she had a senior mortgage. *Held*, that such decree was unwarranted, even under a prayer for general relief, and that the error was good ground for vacating the decree upon a proper showing.

*Appeal from Polk District Court*—HON. CHARLES A. BISHOP, Judge.

THURSDAY, JANUARY 19, 1893.

PROCEEDINGS to set aside a decree. The facts are stated in the opinion.—*Affirmed*.

*H. E. Long*, for appellant.

*St. John & Stevenson*, for appellee.

KINNE, J.—March 4, 1890, the plaintiff filed his petition in the district court of Polk county, making Ira P. Wetmore, Abbey Scribner, and others defendants, and asking judgment against said Wetmore, as the maker of a promissory note, and a decree of foreclosure of a mortgage securing it against all the defendants. The mortgaged property was described as "the south sixteen feet of the north twenty feet and four inches of lot thirty-six (36) in York's addition to Des Moines, Iowa." Said petition also averred that the other defendants were purchasers of said property from the defendant Wetmore, and that they had

assumed and agreed to pay the note and mortgage referred to. The petition prayed that, in the event the mortgaged property failed to sell for sufficient to pay the debt, a general execution might issue against the property of the defendants to satisfy any unpaid balance. On the sixteenth day of April, 1890, it being during the April term of said court, the case came on for hearing. All of the defendants made default, and a judgment was rendered against Wetmore, and a decree foreclosing the mortgage against all the defendants. In this decree the following words are added to the description heretofore given: "Being York's subdivision of lot five of official plat of N. E. 1-4 of sec. 9, twp. 78, range 24 west, 5 P. M. Iowa." This decree was duly signed by the judge.

August 20, 1890, and after the close of the April term of 1890 of said court, Abbey Scribner filed a motion to set aside the decree for the following reasons:

"*First*, because the same attempts to describe property other and different from that described in the petition or notice served upon her in this case; *second*, because the same is against property upon which defendant Abbey Scribner has a first and prior lien, of which relief she has never had notice; *third*, because the said decree was entered without any power or jurisdiction in the court to render the same; *fourth*, because the same was irregularly and erroneously entered, especially as to the defendant Abbey Scribner, for the reason set forth and appearing in the affidavit of J. M. St. John, which is attached to this petition, and made a part hereof."

There was filed with the motion, and in support of it, an affidavit of J. M. St. John, verified September 29, 1890, showing that the copy of the petition filed in the case for the use of defendants did not name Abbey Scribner as a defendant; that the description of the mortgaged property was the same as in the plaintiff's

mortgage and in his petition; that he knew Abbey Scribner was a judgment creditor of Wetmore, junior to the plaintiff's mortgage; that he knew she held a mortgage on "lot 36 of York's subdivision of lot 5 of the official plat of the northeast quarter of sec. 9, twp. 78, R. 24 west, 5 P. M.," and other property, to secure a large sum of money, and which was given and filed prior to the date of the plaintiff's mortgage; that the description in the plaintiff's mortgage and petition was different from that of Abbey Scribner's, and he believed that the property was not the same; that the plaintiff's attorney, prior to the return day in the case, told the affiant that he made Abbey Scribner a party because of her judgment against Wetmore, and that said attorney in said conversation led him to believe that the mortgage he was foreclosing did not cover the same property as that covered by the Scribner mortgage; that he did not see the decree until August 2, 1890, when he found that it was so framed as to include the same property on which Abbey Scribner held prior mortgage.     The affidavit contains other statements which we need not set out.     September 29, 1890, the motion of Abbey Scribner came on for hearing, and evidence was taken as to the matters set out in the affidavit; and on October 4, 1890, the court sustained the motion, did not set aside the decree, but amended it by providing that it should not prejudice the rights of Abbey Scribner under the prior mortgage upon the same and other property.     The plaintiff excepted to the action of the court, and appeals.     It is proper to say that the original judgment and decree were rendered by Judge Hindman.

I.     Our statute provides that "default may be set aside on such terms as the court may deem just, among

1. JUDGMENT by default: setting aside: conditions.     which must be that of pleading issuably and forthwith, but not unless an affidavit of merits be filed and a reasonable excuse shown for

having made such default, nor unless application therefor be made at the term at which default was entered, or, if entered in vacation, then on the first day of the succeeding term." Code, section 2871. Technically speaking, the motion was not to set aside the default, but the decree. If, however, we should treat it as a motion, in effect, to set aside the default, it was ineffectual for that purpose. To set aside a default by motion, the motion must be made at the term at which the decree was entered. In this case it was not made until after the close of that term. One moving to set aside a default under this section must accompany the application with an anwer. *Thatcher v. Haun*, 12 Iowa, 303; *Brunson v. Nichols*, 72 Iowa, 763. And see *King v. Stewart*, 48 Iowa, 334. No answer was presented.

II. Had the application to set aside the default been made in time, and had it been in all respects as required by the statute, still the court 2. —: —: effect of. would not have been justified in amending the decree as it did. The setting aside of the default would open the case for the filing of an answer, after which evidence should have been received touching the matter in controversy.

III. In this case the court proceeded to take testimony as to the merits of the defense. This it had no right to do, under an application to set 3. —: —: procedure. aside a default by motion. We have heretofore held that, if the affidavit of merits shows a good defense, there can be no further inquiry as to the truth of the defense. *Joerns v. La Nicca*, 75 Iowa, 705, 709. In other words, when the application is by motion, and the applicant shows a reasonable excuse for having made default, and also shows by affidavit that he has a meritorious defense to the plaintiff's claim, or some part of it, and presents his answer, the court must pass on the question of setting aside the default on the

showing thus made. It can not take testimony to establish the truth of the facts alleged in the affidavit of merits. To take testimony as to the matters ·set out in the affidavit, as was done in this case, is in effect trying the defense before the court has determined, by setting aside the default, that the defendant shall be heard to make a defense.

If we treat the application as a motion, the court had no power to amend the decree in the manner it did. If the applicant had in all respects complied with the law, the court could only have set aside the default, and heard the case on its merits, on the filing of an answer. It proceeded to take testimony and amend the decree in the absence of any pleading filed by the defendant, and hence, in the absence of any issue made. Furthermore, the defendant, being in default, was not entitled to introduce evidence in any event while such default stood. Code, section 2873; Kinne's Pleading, Practice & Forms, section 633, and cases cited. It may be contended that, though the default was not in terms set aside, yet the sustaining the motion to set aside the decree, in fact, set aside the default. If that should be true, it would not aid the appellee, as the motion not being filed in time provided by law, it should not have been entertained as a motion.

IV. Thus far we have treated the application of the appellee, Scribner, as a motion to set aside the default, and, hence, governed by the law

4. ——:
proceedings
to vacate:
irregularity
of procedure:
waiver.

applicable thereto. But it is insisted by the appellee that the papers must be treated as a petition brought under Code, sections 3154, 3155, 3157, to set aside a default and judgment after the term at which it was entered. When the hearing was had in the court below, no objection was made by the appellant to the form of the application. Such being the fact, he can not be heard

to object to it now, if the papers presented, though not called a "petition," otherwise comply with the requirements of the statute, where it is sought to set aside a judgment on petition and after the term at which it was entered. *Town of Storm Lake v. Iowa Falls & S. C. R'y Co.*, 62 Iowa, 218; *Callanan v. Bank*, 84 Iowa, 8. These requisites are: *First.* Notice to the adverse party. *Second.* That the petition must set forth the judgment or order. *Third.* It must state the facts or errors constituting a cause to vacate or modify it. *Fourth.* A statement of the facts constituting a defense to the action. *Fifth.* The petition must be verified. Code, section 3157. The record is silent as to whether or not notice was served upon the appellant. As, however, the object of the requirement as to notice is to afford the other party an opportunity to be present and protect his interests, it may, no doubt, be waived by him by appearing and taking part in the hearing, as was done in this case. It appears to us that the papers, under the holding in the cases last cited, must be treated as a petition under sections 3154, 3155 and 3157 of the Code; that, though informal, they, in substance, contain everything that is required in a petition in such a case.

In proceedings under the sections just referred to, it is provided that the pleadings shall be governed by the principles and issues made up in the same form, and all the proceedings conducted in the same way, as near as can be, as in an original action by ordinary proceedings. Code, section 3158. It is further provided that the judgment shall not be vacated until it is adjudged that there is a valid defense to the action in which it was rendered. Code, section 3159. Section 3160 seems to contemplate that the court shall first try and decide upon the sufficiency of the grounds to vacate or modify the judgment or order, before it enters upon the consideration of the validity of the defense presented.

If it determines that the judgment should be vacated
under the showing made, an order should be made
accordingly, when issues should be made, and a retrial
had, as in an original action. In the case at bar the
court, after, in effect, setting aside the judgment, pro-
ceeded at once, and without having any issues framed,
to determine not only the validity of the grounds for
vacating or modifying the judgment, but also the
validity of the defense offered as presented by the
showing of the appellee. The whole proceeding was
informal, and not in strict compliance with the very
terms of the statute. Following its provisions, the
court should first have determined as to whether, under
the showing made, the judgment should be vacated,
and, if vacated, then, as we have said, issues should
have been made, and a trial had on the merits of the
defense presented. The appellant, being present and
taking part in all the proceedings had in the court
below, and not objecting to the form or manner of the
proceedings had, must be held to have waived any
errors in that respect.

V. The action of the court in amending the decree
indicates that it must have determined that the show-
ing made for the vacation of the judg-
ment was sufficient, else no relief would
have been granted to the appellee. The
affidavits and testimony taken, it seems
5. ——: ——:
grounds: evi-
dence.
to us, showed good cause for setting aside the judg-
ment, and granting the relief actually given. It appears
that the appellee's mortgage was prior in point of time
to the plaintiff's; that the plaintiff's mortgage did not,
nor did the petition as filed, describe the same land as
was embraced in the appellee's mortgage; that the
appellee's counsel made inquiries of counsel for the
appellant touching the identity of the land in the two
mortgages, and was led to believe therefrom that the
property was not the same; that, when the decree was

prepared and signed, the description had been so added to as to include the land covered by the appellee's mortgage; that this fact did not come to the knowledge of the appellee's counsel until in August, 1890, when he instituted the proceedings out of which this appeal grows. Under all the circumstances disclosed by this record, we can not say that the appellee was negligent in ascertaining the facts. True, she was a party to the suit, and properly so, to cut off her rights as a holder of a junior judgment lien againt Wetmore; but she examined the plaintiff's petition, and ascertained therefrom that the land described in her mortgage was not described in the plaintiff's petition or mortgage. Surely, in order to protect her rights as a holder of a mortgage which was a first lien upon other real estate, she was not bound to ascertain at her peril as to whether the appellant might not, in his foreclosure proceeding, draw a decree describing the very property upon which she held a first lien. Neither the appellant's mortgage nor petition indicated a claim to a lien upon the property described in the appellee's mortgage.

But the appellant insists that under his prayer for general equitable relief he had a right to any relief consistent with the pleadings and sustained by the proofs. That may be conceded; but a decree of foreclosure against land described as "the south sixteen feet of the north twenty feet and four inches of lot thirty-six (36) in York's addition to Des Moines, Iowa, being York's subdivision of lot five of official plat of N. E. ¼ of sec. 9, twp. 78, range 24 west, 5 P. M." would hardly be consistent with the allegations of a petition that the mortgaged property was "the south sixteen feet of the north twenty feet and four inches of York's addition to Des Moines, Iowa."

The appellee had a right to rely upon the description in the plaintiff's petition and mortgage, in the absence of knowledge to the contrary, as describing

other land than that in her mortgage, and the plaintiff
had no right, without notice to the appellee, to take a
decree covering land included in the appellee's mort-
gage, and not justified by the allegations of his petition.
If the plaintiff's contention is correct, no lienholder
who was properly made a party to cut off a junior lien
would be safe if he at the same time held a first lien on
other real estate.    The appellee's claim as to the prior-
ity of her lien on the land described in the plaintiff's
decree was a good defense, to that extent, to the plain-
tiff's judgment and decree.

There would have been no abuse of discretion if the
court below had set aside the decree, and permitted the
appellee to file pleadings presenting her defense.    The
fact that the court also, without objection from the
appellant, proceeded to hear the case on its merits, and
afford the relief to which the appellee showed herself
entitled, will not warrant us in going through the idle
ceremony of reversing this case, to the end that proper
issues be found and a hearing had thereon, when no
objection was made below to the time or manner of the
proceedings, or to the informalities connected therewith;
especially when it is not claimed that on a formal hear-
ing, had in precise compliance with the statute, any
other or further evidence could be adduced, and when
as it appears to us the same result must be reached,—a
result which we deem just to all the parties.    While
the forms of law should be observed, yet a cause should
not be reversed when no objection has been made to
the time or manner of the proceedings had in the court
below, and the same result has been reached as would
have been had the strict letter of the law been complied
with.

The action of the district court is AFFIRMED.