### SECURITY TRUST AND LIFE INSURANCE COMPANY v. JOHN M. HALLUM, GUARDIAN.

#### Decided March 14, 1903.

Life Insurance—Forfeiture—Nonpayment of Premium—Notice to Insured.

In an action on a life policy made subject to the laws of New York it appeared that a statute of that State prohibited any life insurance company from declaring a forfeiture of a policy for nonpayment of a premium unless a notice had been mailed to the insured stating, inter alia, that if the premium is not paid at maturity "the policy and all payments thereon will become forfeited and void, except as to the right to the surrender value or paid-up policy as in this chapter provided." Held, that a notice merely declaring, in lieu of such clause, that if the premium is not paid at maturity, "the policy lapses," was insufficient to warrant a forfeiture.

Appeal from the District Court of Henderson. Tried below before Hon. John Young Gooch.

*C. A. Rasbury,* for appellant.

*Richardson & Watkins* and *John S. Prince,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—John M. Hallum, guardian of the minor children of David W. Milling, deceased, brought this suit against the Security Trust and Life Insurance Company on a policy of insurance, in the sum of $1000, on the life of said Milling, issued by the American Union Life Insurance Company and reissued by the defendant company. Milling died on January 28, 1902, without having paid the sixth annual premium, which matured on December 15, 1901.

A check for the said premium was mailed by him to the original insurer on January 3, 1902, and was received by the defendant company on February 8, 1902. The last named company immediately wrote Milling that his policy had lapsed, and demanded that he be re-examined as a prerequisite to a reinstatement of the insurance. After it learned of Milling's death, the company denied liability, and this suit was accordingly instituted. A nonjury trial resulted in a judgment in favor of the plaintiff.

The policy provided that a failure to pay the premiums, as the same matured, should operate as a forfeiture. It further provided that the contract should be governed by the laws of the State of New York. The statutes of said State contain an article which reads thus: "No life insurance company doing business in this State shall, within one year after default in the payment of any premium, * * * declare forfeited or lapsed any policy hereafter issued * * * by reason of the nonpayment, when due, of any premium, * * * or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, * * * unless a written or printed notice stating the amount of such premium * * * or portion thereof, due on such policy, the place where it should be paid and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy, * * * at least fifteen and not more than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, * * * or portion thereof then due shall be paid to the corporation, or to the duly appointed agent or person authorized to collect such premium, by or before the day it falls due, the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid up policy, as in this chapter provided."

The defendant company mailed to Milling, within the time prescribed by the said statute, a notice which reads thus: "Notice of Premium on Policy Issued by the American Union Life Insurance Company of New York: The Security Trust and Life Insurance Company, St. James Building, New York.—The annual premium of $16.81 will, if all previous premiums have been paid, become due at the company's office, St. James Building, New York, on your policy No. 4798, on December 15, 1901, and if not paid on or before said date the policy lapses. Payments are required to be made direct to this office, and should be made by bank draft, express or postoffice money order, payable to the Security Trust and Life Insurance Company. No payment to an agent to be recognized. Robert E. Pattison, President." The controlling question in the case is whether the notice was in compliance with the provisions of the statute.

The courts of New York have held that the notice need not follow, literally, the language of the statute. The notice is sufficient if every essential fact required to be known is intelligibly stated. McDougal v.

Society, 135 N. Y., 551. The facts which are required by the statute to be stated in the notice are, (1) the amount of the premium; (2) the place where it should be paid; (3) the person to whom the same is payable; and (4) that unless the same is paid on or before the date when it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy. All of these requirements except the last, are sufficiently stated in the notice before us. In stating the effect of a failure to pay the premium, the notice uses the words "the policy lapses" in lieu of the statutory language. "The policy and all payments thereon shall become forfeited and void, except as to the right to a surrender value or paid-up policy." It may be doubted whether one not versed in insurance parlance would understand that when a policy lapses it becomes forfeited and void, but for the purposes of this case we will assume that the terms are equivalent. The notice, then, informed the assured that if he failed to pay the premium on or before the date specified, his policy would become forfeited and void. This is not a correct statement of the result of a failure to pay the premium. Such failure would not operate as a forfeiture of all the rights of the assured under the policy. According to the provisions of the policy, a failure to pay the premium would not forfeit the right of the assured to a surrender value or to a paid-up policy. The notice ignored this right of the assured, and informed him in effect, that if he did not pay the premium promptly all his rights under the policy would become forfeited. The existence of such right was an essential fact which the assured was entitled to know, and which the statute declares shall be incorporated into the notice. There is no pretense that the notice is in literal compliance with the statute, and we find that it was not substantially so. We hold, therefore, with the trial court, that the notice was insufficient, and that appellant can not insist upon a forfeiture. Phelan v. Insurance Co., 113 N. Y., 147.

Appellee, in his amended petition, alleged that he had made demand on appellant for the payment of the policy, and that payment had been refused. He claimed, and was allowed, the statutory damages and a reasonable attorney's fee. Appellant contends that he was not entitled thereto because it appeared that such demand was made after this suit was begun. The statute does not require the demand to be made before the suit is brought, and we think the demand may be made thereafter and the claim for the statutory penalties set up in an amended petition. Rev. Stats., art. 3071; Assurance Co. v. Sturdevant, 59 S. W. Rep., 61.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.