GENERAL ACCIDENT, FIRE & LIFE AS-SUR. CORPORATION v. LACY et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 2, 1912. On Motion for Re-hearing, Dec. 21, 1912.)

1. JUDGMENT (§ 163*)—DEFAULT JUDGMENT—PROCEEDING TO VACATE — MERITS OF DEFENSE.

The court, on motion to open a default judgment, may not as a general rule pass on the merits of the defense in support of the motion.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 323; Dec. Dig. § 163.*]

2. JUDGMENT (§ 143*)—DEFAULT JUDGMENT—VACATION—GROUNDS.

A defendant who, more than a month before the end of the term 'at which the default judgment was taken, filed his application to vacate the judgment, and pleaded as an excuse for the default a compromise and settlement of the claim sued on and a promise by plaintiff to dismiss the action, showed a reasonable excuse for defaulting and a meritorious defense, necessitating the vacating of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

3. INSURANCE (§ 602*)—FAILURE TO PAY LOSS—DAMAGES—ATTORNEY'S FEES.

Acts 31st Leg. c. 108, § 35, making an insurer, failing to pay a loss within 30 days after demand, liable to pay the loss with damages and attorney's fees for the collection of the loss, requires a specific allegation in the petition of demand and refusal to pay within the time prescribed, and a petition merely alleging that, though often requested, insurer has refused to pay the policy or any part thereof, is not sufficient to justify the recovery of the damages and attorney's fees.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498; Dec. Dig. § 602.*]

On Motion for Rehearing.

4. APPEAL AND ERROR (§ 835*)—OBJECTIONS—TIME TO MAKE.

Under Court Rule 22 (142 S. W. xii), providing that parties will be expected before submission to see that the transcript of the record is properly prepared and inaccuracies will not be admitted after submission as a reason for correcting the record or obtaining a rehearing, a defendant in error on rehearing may not maintain a motion to amend or strike out the transcript because of inaccuracies therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3241–3246; Dec. Dig. § 835.*]

5. JUDGMENT (§ 162*) — VACATING DEFAULT JUDGMENT — MERITORIOUS DEFENSE — EVIDENCE.

The court, on hearing a motion to open a default judgment, may take the testimony on the merits of the defense interposed, where no objection is made to a trial of the issue in that way.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 319–322; Dec. Dig. § 162.*]

Error from Wood County Court; B. M. Smith, Judge.

Action by Henrietta Lacy and another against the General Accident, Fire & Life Assurance Corporation. There was a judgment for plaintiffs, and defendant brings error. Reversed and remanded.

G. W. Keeling, of Pittsburg, and Israel Dreeben, of Dallas, for plaintiff in error. Jones & Jones, of Mineola and Winnsboro, for defendants in error.

TALBOT, J. This suit was filed by Henrietta Lacy, joined by her husband, Jerry Lacy, on the 6th day of September, 1910, against the General Accident, Fire & Life Assurance Corporation, Limited, of Perth, Scotland, in the county court of Wood county, Tex., upon an accident insurance policy alleged to have been issued by plaintiff in error, to one David C. Lacy, the son of the plaintiffs in the said suit. Citation was issued to the defendant assurance corporation by the clerk of the county court of Wood county, directed to the sheriff of Camp county; plaintiff having alleged that defendant corporation had no agent in Wood county, which said citation was served by the sheriff of Camp county, Tex., and his return showing that he served the citation, but not showing service of a certified copy of plaintiffs' petition. The defendant did not appear and plead, nor waive or accept service. On the 18th day of January, 1911, same being a day of the January term of said court, a judgment was rendered by default in favor of plaintiffs against the defendant, for the amount sued for, to wit, $400 principal, $48 penalty, and $100 attorney's fees. At the same term of the court at which said judgment was rendered and on February 8, 1911, plaintiff in error filed a motion to vacate and set aside said judgment, which was by the court overruled. On February 23, 1911, the defendant in error filed a motion to have the sheriff of Camp county amend his return on the citation so as to show service of a certified copy of the petition upon the plaintiff in error. This motion was by the court sustained and the amendment directed to be made. Defendant in the court below, being dissatisfied with the rulings of that court, has brought the case to this court by writ of error.

At the last term of the court we affirmed the judgment of the lower court without a written opinion, but, upon a further consideration of the case on motion for a rehearing, have concluded the judgment should be reversed and the cause remanded. In its motion to have the default judgment set aside and a new trial awarded, the plaintiff in error pleaded a compromise and settlement of the claim sued on for the sum of $100 prior to the rendition of said judgment; that said sum was paid to defendant in er-

ror in full satisfaction and discharge of any and all claims defendant in error had by reason of the policy sued on; and that in consideration thereof defendant in error agreed and promised to dismiss this suit. Attached to the motion to have the judgment by default vacated and set aside was a written release, dated December 19, 1910, purporting to have been signed by the defendant in error and witnessed by J. O. Lacy and A. M. Lacy. This release recites the receipt of $100 by the defendant in error in compromise and full settlement of any claim which may have arisen by reason of the policy issued to David Lacy and made the basis of the suit. There is no statement of facts in the record; but the judgment overruling the motion to vacate the default judgment contains the following recitation, namely: "The court further finds that the purported release which was executed by Henrietta Lacy is null and void, for the reason that same was procured by the defendant through fraud and deceit, and the court further finds that there was no consideration given for said release." This judgment also recites that the "court, after hearing all of the testimony upon said motion, is of the opinion that the same is not well taken and that the same should be in all things overruled." We have been unable, however, to find any pleading in the record filed by the defendant in error contesting plaintiff in error's motion to set aside the judgment or otherwise raising an issue as to the truth of the matters set up in said motion.

[1] But whether any such pleading was filed or not, we think the court in hearing evidence, if any was heard, in opposition to the motion and in determining on the motion to vacate the default judgment that the compromise and release pleaded by the plaintiff in error had been effected and procured by fraud and deceit, and therefore such compromise and release were null and void, erred. That the compromise and release pleaded by the plaintiff in error in its sworn application to set aside the default presented a defense prima facie meritorious is not and cannot be denied, and, according to very high and doubtless the weight of authority, the trial court, in the hearing of the application, was not authorized to inquire into the truth of the defense thus asserted. It is said that when the application is by motion, and the applicant shows a reasonable excuse for having made default, and also shows by affidavit that he has a meritorious defense to the plaintiff's claim, the court must pass on the question of setting aside the default on the showing thus made. It cannot take testimony as to the truth of the facts of defense. To permit the taking of testimony as to the matters set out in the affidavit and a determination of the issue thus raised would, in effect, be to try the defense before the court had determined, by setting aside the default, that the defendant should be heard

to make a defense. The following are some of the cases so holding: Worth v. Wetmore, 87 Iowa, 62, 54 N. W. 56; Joerns v. La Nicca, 75 Iowa, 709, 38 N. W. 129; Pratt .v. Keils, 28 Ala. 390; Francis v. Cox, 33 Cal. 323; Gracier v. Weir, 45 Cal. 53; Douglass v. Todd, 96 Cal. 655, 31 Pac. 623, 31 Am. St. Rep. 247; Buck v. Havens, 40 Ind. 221.

[2] The record shows that the plaintiff in error, more than a month before the expiration of the term of court at which the judgment by default in this case was taken, filed its application to open and set aside said judgment, and pleaded, as an excuse for making default, a compromise and settlement of the claim sued on and a promise on the part of the defendant in error to dismiss this case. This was a reasonable excuse for not appearing and answering the suit, and, together with allegations of compromise and settlement, showed good' grounds for vacating the judgment. 23 Cyc. p. 920, and cases cited in note.

[3] We are further of the opinion that the pleadings were insufficient to authorize a recovery for the penalty and attorney's fees; provided for in chapter 108, Acts of the Thirty-First Legislature. This statute, section 35, provides that in all cases where a loss occurs and the life or accident insurance company liable therefor shall fail to pay the same within 30 days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, 12 per cent. damages on the amount of such loss, together with reasonable attorney's fees for the prosecution and collection of such loss. There is no specific allegation of demand and failure on the part of the plaintiff in error in this case to pay within 30 days after such demand, found in the petition. Such an allegation was, we think, essential to a recovery of the damages and attorney's fees allowed in the judgment. The general allegation "that, although often requested, the defendant has wholly refused and failed to pay said policy or any part thereof," is not in our opinion sufficient. Neither can the filing of the suit be regarded as the demand intended by the statute in question. This statute is penal in its nature and must be strictly construed. It requires, we think, a specific allegation of demand and refusal to pay within the time prescribed, and the petition of defendant in error, not containing such an allegation, was obnoxious, it would seem, to a general demurrer, and therefore not sufficient to support the judgment for the damages and attorney's fees awarded. That the specific allegation referred to must be made seems clearly inferable from the following decisions: Northwestern Life Assur. Co. v. Sturdivant, 24 Tex. Civ. App. 331, 59 S. W. 61; Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S. W. 406; Security Co. v. Hallum, 32 Tex. Civ. App. 134, 73 S. W. 554; Penn

Mutual Life Ins. Co. v. Maner, 101 Tex. 553, 109 S. W. 1084.

In view of another trial, it is proper to call attention to the condition of the policy sued on, as shown by the record sent to this court. It appears that the policy was made an exhibit to and a part of the plaintiff's petition in the court below, and, as copied into the transcript, bears date June 16, 1909, and recites that the deceased, David Lacy, is insured "from 12 o'clock noon, eastern standard time, of the day this contract is dated, until 12 o'clock noon, standard time, of the first day of July 1907," etc. Thus, upon the face of the policy it appears that the deceased was insured for a period of time antedating the issuance of the policy. The policy may be incorrectly copied into the transcript, or either the date of the policy or the period of time intended to be covered by the insurance was inaccurately stated, in drawing the policy. If an error in writing the policy was made, appropriate allegations in regard thereto should be made by an amendment of the pleadings.

The motion of the plaintiff in error for a rehearing is granted, and for the reason indicated the judgment of the court below is reversed, and the cause remanded.

### On Motion for Rehearing.

[4] The motion of the defendant in error to strike out the transcript in this case, because of inaccuracies therein, or to make a certified copy of their contest of the plaintiff in error's motion filed in the county to set aside the judgment by default taken in that court, a part of the record in this court, cannot prevail. Rule 22 (142 S. W. xii), relating to the preparation of cases for submission in this court, as recently amended by the Supreme Court, provides: "All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing." Under this rule the motion to amend or strike out the transcript comes too late and must be overruled.

[5] In their motion for a rehearing the defendants in error contend that we erred in holding that the trial court should not have heard evidence in opposition to the plaintiff in error's motion to vacate the default judgment appealed from and determined therefrom that the compromise and release set up in said motion had been effected and procured by fraud and deceit. This contention is predicated, not upon the ground that we did not correctly state the general rule of law upon the subject, but upon the proposition that the record fails to disclose any objection on the part of the plaintiff in error to a trial of this issue in that way. In support of their proposition, defendants in error cite the cases of Sugg v. Thornton, 73 Tex. 666, 9 S. W. 145, and Pacific Mutual Life Ins. Co. v. Williams et al., 79 Tex. 633, 15 S. W. 478. These cases were not called to our attention before the written opinion heretofore filed in the case was handed down, and they were overlooked. The cases cited sustain the position now assumed by counsel for the defendant in error; but, for the other reasons given in our opinion, the cause must stand reversed and remanded for a new trial. As stated in our original written opinion, the pleadings of the plaintiffs below were insufficient to authorize the judgment by default for the penalty and attorney's fees therein awarded; nor were the pleadings, as they appear from the transcript sent to this court, sufficient to authorize and support the judgment for the amount of the policy sued on. This condition of the pleadings, as the case was being reversed on other grounds, was simply referred to in our original opinion with the suggestion that the difficulty disclosed by the policy which was attached to and made a part of the plaintiffs' petition might be and should be corrected by an amendment on another trial.

The motion for a rehearing is overruled.