### CHANEY v. ALLEN.
### No. 7426.

Court of Civil Appeals of Texas. Austin.
March 12, 1930.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for appellant.

BAUGH, J.

F. G. Allen sued Bob Bates and T. G. Chaney for the balance due on a series of twenty-one notes payable monthly with accelerating maturity clauses, executed by Bates and Chaney, payable to the order of Allen, and their payment secured by a mortgage on an electric player piano, for which they were given in part payment. When the case was called on appearance day, April 1, 1929, attorney for appellant advised the court that the case had been settled. Whereupon the court entered an order dismissing the suit. Subsequent thereto, without notice to appellant or his attorney, the attorney for the appellee caused the suit to be reinstated. The court entered notation on his docket, "Continued for service." Thereafter, on May 18, 1929, in an ex parte hearing without notice to the defendant Chaney, plaintiff was granted a judgment by default. The appellant Chaney, as soon as he learned that such judgment had been entered, filed immediately on May 29, 1929, same being at the same term of said court, his motion to set aside said judgment, alleging that said suit had been compromised and settled long prior to the judgment; that the notes sued upon had been surrendered by the appellee to the appellant; and that said electric piano had been by said appellant turned over to and accepted by the appellee, and was then in his possession. Attached to this motion, as an exhibit, was written admission signed by said Allen, dated April 23, 1929, showing the delivery to him of the electric piano, and reciting his delivery to Chaney of the notes sued upon.

Appellant's motion to set aside the judgment duly sworn to does not appear to have been controverted, nor were any of the facts therein stated denied. The trial court, however, without reciting his reasons therefor, overruled said motion.

█ Clearly his action was erroneous. There appears to be no question about the diligence of appellant in the matter. Evidently he had in his possession a written instrument signed by the appellee, plaintiff below, showing full settlement of the subject-matter of the lawsuit on April 23, 1929. The default judgment was not entered until May 18th. Obviously appellant had no reason to expect any such action by appellee. The facts set out in his motion showed a meritorious defense which if proven would defeat the suit brought against him. All that he was required to do was to show that there was no lack of diligence on his part in permitting the default judgment against him, and that the defense alleged was prima facie meritorious. The trial court had no authority to inquire into the truth or falsity of such facts in passing upon his motion. His only inquiry was whether, diligence being shown, the appellant presented, prima facie, a meritorious defense. Cragin v. Henderson County Oil Development Co. (Tex. Com. App.) 280 S. W. 554; General Accident, Fire & Life Assurance Corporation v. Lacy (Tex. Civ. App.) 151 S. W. 1170.

Under the undisputed facts shown by the record, the trial court should have set aside the default judgment and tried said cause on its merits. Reversed and remanded.

Reversed and remanded.