## BABINGTON et ux. v. GRAY et al.
### No. 7946.

Court of Civil Appeals of Texas. Austin.
April 18, 1934.

Rehearing Denied May 9, 1934.

McGaugh & Darroch, of Brownwood, for appellants.

Critz & Woodward, of Coleman, for appellees.

BLAIR, Justice.

This appeal is from an order overruling the motion of appellants to set aside a default judgment and grant them a new trial, appellants alleging (1) that they had not been served with citation and had not waived citation upon the cross-action of appellees, constituting the basis of the judgment; and (2) that their failure to appear and answer the suit on cross-action was due to the fact that counsel for appellees told them that the cause would not be tried at the term at which the judgment was rendered, but at the subsequent term of said court.

The original suit was filed by appellants in the nature of an injunction proceeding to restrain the sale of a certain 200 acres of land, which appellants claimed to be their homestead, by a trustee, in payment of a debt secured by a deed of trust executed by appellants to the appellee McCord covering 776 acres of land. After the 776 acres were advertised for sale by the trustee under the power given in the deed of trust, appellants carved out of the 776 acres 200 acres which they claimed to have been their homestead at the time the deed of trust was executed; and upon ex parte hearing a temporary writ of injunction or restraining order, just which is not necessary to determine in this appeal, was issued. The sale of the 576 acres remaining was not restrained, and it was sold on the day advertised for sale by the trustee. Appellees filed a motion to dissolve the temporary injunction or restraining order, which after a full hearing was granted, the court finding that the 200 acres was not the homestead of appellants at the time the deed of trust was executed; and the 200 acres was later sold by the trustee under the power given in the deed of trust, appellees being the purchasers at both sales by the trustee, and thus purchasing the entire 776, subject, however, to a first lien indebtedness of some $8,000.

On July 6, 1932, and after appellees had become the purchasers of the land in question from the trustee, they filed their cross-action in the form of a trespass to try title to recover the land, claiming the fee-simple title thereto under the trustee's deeds. A copy of the cross-action was delivered to counsel for appellants, who had appeared in court and obtained the injunction restraining the sale of the 200 acres by the trustee, and who had represented appellants in the trial of the injunction proceedings; and on the same day counsel for appellants signed a

waiver of citation on the cross-action, which was filed as a part of the papers in the proceedings. On July 25, 1932, the appellees filed an amended cross-action in lieu of their original, but which in matter and form was identical with the first cross-action filed, in so far as the suit was in the nature of a trespass to try title. No citation was issued on this amended cross-action, but counsel for appellants were on the same day delivered a copy of the amended cross-action. On October 25, 1932, counsel for appellees wrote counsel for appellants that the cause was set for trial on November 17, 1932. This letter was received by counsel for appellants, but they made no reply, and did not appear on the date the case was set for trial. After waiting until 10:20 o'clock, counsel for appellees called appellants' counsel on the phone and asked why they were not present at the trial; and they informed him that some time during the summer they had withdrawn from the case, of which fact neither the court, appellees, nor their counsel had been informed. Appellees' counsel then tried to get in connection with appellants by phone, but was unable to do so because they lived in the country and had discontinued their phone, and concluded that appellants did not care to further prosecute the case. The court then proceeded to trial and judgment in the case; the judgment reciting that citation on the cross-action had been waived by written waiver filed in the court, and that appellants failed to appear and answer said cross-action. Appellant Mrs. Florence Babington and another witness testified that counsel for appellees told them that the cause would not be ready for trial until the January term, 1933. Mrs. Babington further testified that a writ of sequestration was issued on the cross-action, which was returnable to the January, 1933, term, and that for that reason she was misled and did not employ other counsel to appear in the case. Appellees' counsel testified that the date of the return of the sequestration was an error; that the same was never served nor returned, or, if served, was never returned into court; that appellants replevied the property, and that he never informed appellants that the case would not be tried until the January term, but that all of his transactions in the matter were had with counsel for appellants, who he did not know had withdrawn from the case until the morning of the trial and judgment; that on the same day he wrote appellants a letter, inclosing a copy of the judgment herein attacked. It was several days before appellants filed the motion for rehearing. Appellant Mrs. Babington testified

that she was unable to secure counsel because of illness in her family and because of her inability to employ several attorneys whom she sought to employ. The evidence simply presents a conflict as to whether appellants exercised due diligence in failing to appear and answer the cross-action of appellees. The waiver of notice by her counsel of the cross-action was sufficient notice to them of the cross-action, and counsel had the authority to sign said waiver; it being executed by counsel before they withdrew from the case.

The evidence with regard to failure of appellants to appear and answer the cause on the date it was set for trial was conflicting. Appellants testified that they were misled by the statement of counsel for appellees that the cause would be heard at the January, 1933, term of the court. Appellees' counsel testified to the contrary. This presented a question of conflicting evidence which the trial court resolved in favor of appellees; and this court has no jurisdiction to disturb that finding and conclusion.

The law is well settled that the refusal to set aside a default judgment will not be disturbed, absent showing that the trial court abused its discretion, or that the granting or refusal of the motion for new trial is wholly within the discretion of the trial court; and the appellate court cannot interfere with such action, except in case of clear abuse of the discretionary power vested in the trial court. Harris v. Musgrave, 72 Tex. 18, 9 S. W. 90; Smith v. Ferrell (Tex. Com. App.) 44 S. W.(2d) 962; Briggs v. Ladd (Tex. Civ. App.) 64 S.W.(2d) 389; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; London Assur. Corp. v. Lee, 66 Tex. 248, 18 S. W. 508; Homuth v. Williams (Tex. Civ. App.) 42 S.W.(2d) 1048.

Appellants next contend that, upon the hearing of the motion to vacate the default judgment rendered against them, the court erred in permitting the introduction of and in considering evidence going to establish the merits of the cross-action of the appellees. We do not sustain this contention. The rule of law is settled that an application to set aside a default judgment should ordinarily show an excuse for not answering or defending, and should also disclose a meritorious defense. It is generally held that on such hearing the court has no authority to pass upon the truth or falsity of the facts alleged as a defense, nor, except by agreement of the parties, to hear testimony and determine the merits of the case. Sneed v. Sneed (Tex. Civ. App.) 296 S. W. 643. The inquiry is limited to.

ascertaining if a prima facie defense has been stated, and the only evidence admissible is such as will enable the court to determine whether the applicant can present a prima facie defense that will support a verdict in his favor. That was all that was done in the instant case. The court was entitled to hear evidence concerning the nature and extent of proof that the applicant could make upon a hearing in the event the new trial was granted. The court could not rest its decision on the failure to present on this hearing a meritorious defense to the suit; and there is nothing in this record to indicate that it did so. The burden is upon the applicant for the new trial to show that such evidence influenced and affected the decision of the court in overruling the motion for new trial; and where, as in this case, the applicant made no objection to the filing and consideration of appellees' answer controverting their allegations of a meritorious defense, but on the contrary filed amended motions to set aside the judgment and joined issues with the controverting pleadings as to a meritorious defense, and offered evidence in support thereof, there is no good reason why the court could not look to appellants' entire testimony to determine whether or not, if true, it would present a prima facie case for submission to the jury. And, since there is nothing in the record to show that the court was influenced or affected by the introduction of the evidence complained of, we hold its introduction to be harmless. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Sugg v. Thornton, 73 Tex. 666, 9 S. W. 145; Chaney v. Allen (Tex. Civ. App.) 25 S.W.(2d) 1115; Cragin v. Henderson County Oil Co. (Tex. Com. App.) 280 S. W. 554; 25 Tex. Jur. 579, § 179.

Appellants next contend that the trustee's sale of the 200 acres was void because this judicial proceeding was instituted before the sale under the deed of trust; and the judicial proceeding and the foreclosure under the deed of trust are remedies which cannot be prosecuted concurrently. Appellees did not institute the injunction proceedings, but the same were instituted by appellants. The cases of Gandy v. Cameron State Bank (Tex. Civ. App.) 2 S.W.(2d) 971, and Texas & P. Ry. Co. v. Boyle (Tex. Civ. App.) 29 S.W.(2d) 927, are cited as authorities supporting appellants' contention. These cases do not do so. They simply hold that the holder of a deed of trust cannot institute judicial foreclosure proceedings and foreclosure under the power given the trustee in the deed of trust concurrently.

Appellees had not instituted judicial proceedings to foreclose at the time they sold the land under power given in the deed of trust, and have never instituted such proceedings. They simply proceeded to and completed their foreclosure sale by the trustee, and after doing so, by way of cross-action to appellants' injunction suit, set up fee-simple title to the lands under trustee's deeds. Manifestly, appellants could not by filing the injunction proceeding compel appellees to abandon their foreclosure under the deed of trust and come into court and foreclose their lien in satisfaction of the debt secured; and the authorities cited do not so hold.

The judgment of the trial court will be affirmed.

Affirmed.