STATE ex rel. C. F. ELRICK et al., Relators, v. CHARLES CLAFLIN ALLEN, Judge, Respondent.

St. Louis Court of Appeals. Argued and Submitted November 16, 1912. Opinion Filed December 3, 1912.

1. **BILLS OF EXCEPTIONS: Refusal to Sign: Untrue Bill.** A trial judge is justified in refusing to sign a bill of exceptions which is untrue.

2. **MANDAMUS: Bills of Exceptions: Refusal to Sign: General and Specific Reasons in Return: Pleading.** Where a trial judge, in his return to an alternative writ of mandamus, attempts to justify his refusal to sign a bill of exceptions on the ground it was untrue, and then proceeds to specify wherein it was untrue, the appellate court will disregard the general statement that the bill was untrue, which, standing alone, might have defeated the writ, and will determine whether the specific reasons set up justify his refusal, and if they are not sufficient, the writ will be made peremptory.

3. ———: ———: ———: ———: ———: **Insufficient Grounds for Refusal: Facts Stated.** In a proceeding by mandamus to compel a trial judge to sign a bill of exceptions setting out the proceedings with reference to the denial of a motion to set aside a default judgment, the respondent averred in his return that he had refused to sign the bill because it was untrue, and then specifically averred that it failed to set out matters that occurred at the time the default was taken and that it included matters which the court would judicially notice. *Held,* that the general statement that the bill was untrue would be disregarded, in view of the fact that respondent specifically set out wherein he deemed it to be untrue; *held, further,* that the specific grounds set out were insufficient to justify respond-

ent's refusal to sign the bill, since the appeal was prosecuted from the denial of the motion to set aside the default judgment and not from the judgment itself, and hence things that occurred at the time the judgment was rendered were immaterial and should not be incorporated in the bill, and since, also, matters that occurred before the trial judge, of which he took judicial notice, should be set out in the bill, in order that the appellate court may consider them; and hence it is *held* that the writ of mandamus should be made peremptory.

4. **BILLS OF EXCEPTIONS: Contents: Default Judgment: Motion to Set Aside.** Where, on appeal from a justice's court, the judgment of the justice is affirmed because of appellant's failure to prosecute his appeal, and appellant subsequently moves to set aside such judgment and appeals from the denial of this motion, matters that occurred at the time the judgment by default was entered are immaterial to a consideration, on appeal, of the motion to set aside said judgment, and should not be incorporated in the bill of exceptions; and hence the trial judge would not be justified in refusing to sign the bill because such matters were omitted.

5. ———: ———: **Judicial Notice.** Matters that occurred before the trial judge, of which he took judicial notice, should be incorporated in the bill of exceptions in order that the appellate court may consider them; and hence the trial judge would not be justified in refusing to sign the bill because such matters were incorporated in it.

## Original Proceeding by Mandamus.

WRIT MADE PEREMPTORY.

*Earl M. Pirkey* for relator.

*H. A. Loevy* for respondent.

REYNOLDS, P. J.—On application of relators an alternative writ of mandamus was issued against the Honorable Charles Claflin Allen, one of the judges of the circuit court of the city of St. Louis, requiring him to sign a certain bill of exceptions in a cause in which one C. E. Armstrong was plaintiff and the relator Elrick and one Rankin were defendants, or to show cause on a day named why he should not do so. Ac-

companying the petition for the writ of mandamus is a copy of the proposed bill of exceptions which had been tendered to the honorable judge of the circuit court within due time and which he had been requested to sign but which, as was averred, he had declined to sign. In due course respondent filed his return to the alternative writ, admitting that he had refused to sign the bill of exceptions which had been tendered. Something like eleven reasons are given for this refusal. The first reason is that he, as judge, had refused to sign the bill of exceptions because it was untrue. Summarizing the reasons which follow this general denial of the truthfulness of the return it appears that the honorable circuit judge refused to sign this bill of exceptions because, first, it omitted to set out matters that had occurred at the time of the trial of the cause in the circuit court, more accurately, at the time when default was taken against the defendants, and because it included matters of which the learned trial judge claimed that the court took judicial notice.

The action which is at the foundation of this controversy was instituted by Armstrong against Elrick and Rankin before a justice of the peace of the city of St. Louis. It appears that on the trial before the justice there was a judgment against the defendants there, from which judgment the defendant Elrick appealed to the circuit court, giving the usual appeal bond, with Kidwell, the other relator here, as surety. This cause, on appeal, was docketed for trial in the circuit court in due course and being called for trial and the appellant Elrick not appearing, as is recited in the judgment, judgment went against him and his surety, it being set out in the judgment that appellant Elrick, although duly called, failed to appear to prosecute his appeal, and that thereupon on motion of plaintiff the judgment of the justice was affirmed. It was thereupon adjudged that the plaintiff recover of

the defendant Elrick and of Kidwell, the surety on his appeal bond, the amount sued for, with interest and costs and that execution issue therefor. In due time the relators here appeared in the circuit court and filed a motion to set aside the judgment and for a trial thereon, accompanying the motion with affidavits. The motion was resisted, Armstrong, the plaintiff in the cause, filing counter affidavits. All of these are set out in the bill of exceptions which was tendered. After consideration of the motion to set aside the judgment and for trial, it was overruled by the trial court. Whereupon Elrick and his surety against whom the judgment had been rendered in the circuit court prayed for an appeal to this court, paying the docket fee and filing an appeal bond, which was duly approved by the court and the appeal granted, the trial court at the same time granting an extension of time within which to tender a bill of exceptions. Within the time limited by the several extensions the relators tendered their bill of exceptions and asked that it be signed and filed in the cause. The honorable circuit judge declining to sign it, as before stated, the alternative writ was issued out of this court.

As before stated, the first reason assigned by the honorable circuit judge for refusing to sign the bill of exceptions is that it was untrue. This in itself is a sufficient reason, justifying a circuit judge in his refusal to sign a bill of exceptions tendered. If the return had ended with this statement it might have ended the matter. But the learned trial judge, with great frankness and propriety sets out wherein he deems it to be untrue, and sets out the matters omitted, and designates those which he claims are improperly embodied in the bill, and it was conceded at the argument of the cause that this denial of the truth of the bill was a general statement, more in the nature of a conclusion, and that the real reasons for the refusal of the honorable circuit judge to sign the bill of exceptions

were, first, that it neglected to set out matters which had transpired in his court at the time of the rendition of the judgment by default against the relators, the honorable circuit judge contending that it was necessary to set these matters out in order to present a complete history of the case; second, that it set out matters of which the court took judicial notice. The question for our determination must therefore be, whether these reasons are good and sufficient in law.

Considering the first reason, we are unable to hold it valid. The sole matter presented for the determination of the trial court was the motion of relators to set aside the judgment which had been rendered against them, and it was from the action of the court on this motion that the appeal was taken, not from the judgment which had been rendered in the cause. What occurred at the time the judgment by default was rendered was therefore, for the consideration of this motion, immaterial, and it was unnecessary matter to incorporate in the bill of exceptions seeking to review the action of the trial court on the motion.

The other group of objections to the signing of the bill of exceptions which the honorable circuit judge makes is, that the bill tendered incorporates matters of which it is claimed the trial court took judicial notice. However that might be and however far the trial court might take judicial notice of matters occurring before it, as the case was to be presented to the appellate court, we are unable to see how this latter court can take judicial notice of matters which are not in any manner presented to it and which did not occur before it, but which occurred before the trial court, unless set out in the bill of exceptions.

Our consideration of the whole case is that the reasons given by the honorable circuit judge for his refusal to sign the bill of exceptions tendered, and a copy of which is attached to the petition for the mandamus in this case, are insufficient in law.

The alternative writ heretofore issued is made final and it is ordered that the Honorable Charles Claflin Allen, as judge of the circuit court of the city of St. Louis, sign the bill of exceptions as prepared and tendered by counsel for relators and as set out in the petition herein, changing however the date of his signing thereof from July, 1911, to the date at which he actually signs it. *Nortoni* and *Caulfield, JJ.,* concur.