## C. E. ARMSTRONG, Respondent, v. C. F. ELRICK, et al., Appellants.

### St. Louis Court of Appeals, November 4, 1913.

1. **APPELLATE PRACTICE: After-Judgment Orders: Review: Sufficiency of Affidavit for Appeal.** An order overruling a motion filed by a defendant to set aside a judgment rendered against him in his absence, after an answer had been filed, is reviewable on an appeal granted upon an affidavit that conforms to the requirements of Sec. 2040, R. S. 1909; the statement that appellant "believes he is aggrieved by the judgment *or decision*" being sufficient to show that the appeal is prosecuted from the after-judgment order.

2. **JUDGMENTS: Default: Setting Aside: Trial Practice.** A motion to set aside an interlocutory judgment by default will lie before final judgment is rendered, but after final judgment is rendered, a petition for review is required, as provided by Secs. 2101 and 2104, R. S. 1909.

3. ———: ———: A judgment by default, in the sense of the statutes (Secs. 2093 *et seq.*), cannot be given when an answer has been filed which remains undisposed of.

4. ———: ———: Vacating Judgment: Trial Practice: Appellate Practice. A judgment rendered against a defendant in his absence, after an answer had been filed, was not a default judgment, and hence it was not a prerequisite to a review of such judgment or the refusal to set it aside, that defendant file a petition for review, in accordance with Secs. 2101 and 2104, R. S. 1909, but a motion to set aside the judgment, filed during the term, was sufficient.

5. ———: ———: ———: Discretion of Trial Court: Appellate Practice. The trial court has a large discretion, which is judicial, and not arbitrary, in ruling on a motion to set aside a judgment rendered against a defendant in his absence, after an

answer had been filed; and the appellate court is less likely to interfere with such discretion where the judgment is set aside than where it is not.

6. ———: ———: ———. The trial court's discretion in ruling on a motion to set aside a judgment rendered against a defendant in his absence, after an answer had been filed, should be exercised in favor of granting a trial on the merits, where a reasonable excuse for defendant's failure to appear and a meritorious defense are shown, and injury will not result from granting a trial; it being the policy of the law that everyone shall be given his day in court.

7. ———: ———: ———: Facts Stated. On the hearing of a motion to set aside a judgment rendered against a defendant in his absence, after an answer had been filed, it was shown by affidavits, which were not controvened, that defendant had arranged to have his counsel call him when the case was ready for trial, and was at work sufficiently near to be present on fifteen minutes' notice, and that defendant's counsel would have reached the courtroom before the case was disposed of, if he had not become sick en route, preventing him from arriving earlier. Affidavits showing that defendant had a meritorious defense were filed also. *Held*, that the failure of defendant's counsel to be present when judgment was rendered for plaintiff was not the result of negligence, and hence the judgment for plaintiff should have been set aside.

8. ———: ———: Affidavit of Merits: Effect of Denial. If there are grounds for setting aside a judgment which was rendered against a defendant in his absence, after an answer had been filed, and if the defense to plaintiff's cause of action set out in the motion to set the judgment aside is a good one, and the facts contained in the affidavit of merits tend to establish it, so that a question for the jury will arise thereon, the judgment should be set aside, notwithstanding plaintiff files counter affidavits denying the existence of such defense, since it is sufficient if the defense revealed appears to be meritorious and to be sustained by sufficient evidence to make the question concerning it one for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED.

177 Mo. App. 41

*Earl M. Pirkey* for appellant.

(1) A judgment by default, rendered while an attorney is temporarily from the court room on account of sickness, should be set aside on application. Stout v. Lewis, 11 Mo. 438; Hall v. McConey, 152 Mo. App. 1; Tucker v. Insurance Company, 63 Mo. 593; Judah v. Hogan, 67 Mo. 252; Currey v. Zinc, Lead & Smelting Co., 157 Mo. App. 423; Parks v. Coyne, 156 Mo. App. 379. (2) The recitals of a recorded judgment are presumptively the true record of what occurred. Monk v. Railroad, 166 Mo. App. 702; Reis *et al.* v. Epperson *et al.*, 143 Mo. App. 90; Jones v. Lime Company, 128 Mo. App. 348.

*H. A. Loevy* for respondent.

(1) There is no appeal from the order overruling motion to vacate judgment and for new trial. The only appeal is from the judgment for $106.50. (2) The record shows two adverse rulings: (a) On the merits. (b) On motion to set aside judgment. The affidavit for appeal does not disclose from which adverse ruling the appeal was taken. Where the record is not clear in such case the judgment should be affirmed. R. S. Secs. 2038, 2090 and 2092; Garland v. Smith, 127 Mo. 567; Skidmore v. Davies, 10 Paige 316; Martin v Rutherford, 6 Martin N. S. (La.) 281; Wright v. Williams 112 Texas 35; Graham v. Sterns, 16 Texas 153; Cochrane v. Day, 27 Texas 385; Hammond v. Hays, 45 Texas 846; Beard v. Arbuckle 13 West Va. 741; 2 Cyc. 812-3, 821. (3) Respondent was warranted by law in trying his case when it was called for trial. R. S. 1909, Sec. 1973. (4) A petition for review and not motion to set aside is the only lawful proceeding in a case like this: final judgment on merits. R. S. 1909, Sec. 2104. Car Co. v. Kemper, 166 Mo. App. 613; Billingham v. Com. Co., 155 Mo. App 154. (5) To warrant setting aside a judgment the litigant in default must show

both (a) Diligence in attending to his case in court, and (b) A meritorious defense. Appellant has not shown either. (6) A plaintiff who is ready for trial has rights which the court will respect. Colter v. Lake, 129 Mo. App. 706; and the defendant in default must show these so clearly as to make it manifest the refusal to set aside was arbitrary. Dana v. Martin, 156 S. W.; Welch v. Martin, 98 Mo. App. 277. The attorney's atttention to business in another court is no excuse. Austin v. Nelson, 11 Mo. 125; Wilson v. Scott, 50 Mo. App. 331; Parker v. Britton, 133 Mo. App. 270. (7) The defense of usury is not a meritorious defense. Carr v. Dawes, 46 Mo. App. 359; Biebinger v. Taylor, 64 Mo. 67.

NORTONI, J.—Defendant appeals from a judgment entered against him during his absence. The principal question for consideration relates to the ruling of the court in refusing to set the judgment aside on motion; but other questions are suggested in plaintiff's argument advanced to preclude a review of the main question here.

It is urged, first, that the ruling of the court on the motion to set aside the judgment is not before us, for it is said the appeal is from the judgment alone. It appears the court entered judgment against defendant, who had answered, during the absence of himself and his counsel, on the twenty-eighth of February, and on March fourth, during the same term of the court, the motion to set aside the judgment thus entered was filed. Subsequently the court considered the motion on affidavits, and overruled it, whereupon an exception was saved and the appeal prosecuted here. The affidavit for appeal is in the usual form prescribed by the statute and because of this, plaintiff argues that no complaint is made of the ruling of the court on the motion which denied defendant's right to have the judgment set aside. The statute (Sec. 2040, R. S. 1909) pre-

scribes, as a condition prerequisite to the right of appeal, that the appellant or his agent shall, during the same term, file in court his affidavit, stating that such appeal is not made for vexation or delay, but because the affiant believes the appellant is aggrieved by the judgment or decision of the court. The affidavit for appeal employed here conforms precisely to the statute and is obviously sufficient to bring up the question for a review, for it no more complains of the judgment than it does of the "decision of the court." It is insisted by plaintiff that defendant complains of an after-judgment order and therefore the affidavit for appeal should specify that fact. The statute prescribes the essentials of an affidavit for appeal, as above indicated, and it is entirely clear that such is sufficient to fulfil the office of the affidavit in removing all of the questions properly saved theretofore in the case to the appellate court for review. The statute requires that the appellant or some one for him shall say in his affidavit that the appellant is aggrieved "by the judgment or decision of the court." It appears here that the affidavit so states the fact to be, and it is difficult to perceive how the complaint is made alone against the judgment and not against the "decision of the court" in overruling the motion to set the judgment aside. It is clear that the appeal is from the decision of the court denying defendant's right to have the judgment set aside. We thus understood the matter when on a former occasion, a mandamus proceeding was considered here concerning the bill of exceptions in the identical case, and so stated the fact to be, as will appear by reference to State ex rel. v. Allen, 168 Mo. App. 463, 151 S. W. 756. However, this is not an appeal from an order of the court overruling a motion to set aside a judgment by default, for no default judgment in the technical sense of that term is involved. Here an answer was filed in due time and the case was at issue. Instead of the judgment being one under the

statute as by default, it was given merely on a failure to appear after service and answer.

The case originated before a justice of the peace, where defendant answered and contested the case, but the plaintiff prevailed. From that judgment for plaintiff, defendant perfected his appeal to the circuit court, paid the filing fee and caused the transcript to be filed in the clerk's office, all in due time. Moreover, it appears that defendant went about prosecuting his appeal thereafter, for he served notice of the appeal in due time on the plaintiff, as the statute requires. On the day the cause was set for trial in the circuit court, during the absence of defendant and his counsel, the court proceeded and gave judgment for plaintiff in the cause, which appears to be one in affirmance of the judgment of the justice. However, it is said that plaintiff introduced proof to establish his cause of action, and we will treat the matter as though he did.

It is argued by plaintiff that a mere motion filed during the term to set the judgment aside is not sufficient in the circumstances, for that he should have filed a petition for review. Of this it is to be said that no interlocutory judgment was entered, followed by an assessment of damages and final judgment thereafter, but it appears the whole matter was adjudicated at once.. Moreover, defendant's answer was on file and undisposed of. The statute relied upon by plaintiff in support of this argument is without influence in the circumstances stated, for the case is not one where a petition for review is required. Several sections of the statute are to be read together in this connection. Sections 2093, 2094, 2097, 2098, 2099, 2100, 2101, 2102, 2103, 2104 treat with the matter of interlocutory judgments and the assessments of damages and final judgments by default thereafter. In such cases a petition for review is required, to the end of vacating the judgment. Sections 2101, 2104 and 2093 are to be considered together touching this matter. It is no doubt true

that final judgment may be entered in a suit on a note, under section 2098, at the time of entering the default, as is said in Reed v. Nicholson, 158 Mo. 624, 629, 59 S. W. 977, but no such case of default appears here. These statutes provide that no such judgment shall be set aside unless the petition for review shall state the existence of the facts set forth in sections 2101, etc. Section 2101 requires a petition for review only in certain cases therein enumerated, but all of them contemplate an interlocutory judgment which thereafter is made final as by default. A motion will lie to set aside a default before final judgment even under those statutes, but when the final judgment is entered, then a petition for reviewed is required, as we have heretofore said in Billingham v. Miller & Teasdale Commission Co., 115 Mo. App. 154, 89 S. W. 356. But be this as it may, no such questions is involved here, for the judgment sought to be set aside is not one by default, in the sense of that term, but was given against defendant after his answer was filed, and, indeed, after his appeal from the justice of the peace and notice of appeal duly given. The interlocutory judgment by default and the subsequent final judgment contemplated by the statutes above referred to go in those cases where the defendant shall fail to file his answer or other pleading, as is provided in section 2093, and it is the final judgment entered after such interlocutory judgment of default that is not to be set aside except on petition for review. A judgment by default, in the sense of the statutes, can not be given in any case when an answer has been filed which remains undisposed of, for issue is thus joined. [Halsey v. Meinrath, 54 Mo. App. 335, 343, 344; Norman v. Hooker, 35 Mo. 366; Louthan v. Caldwell, 53 Mo. 121; Cross v. Gould, 131 Mo. App. 585, 596, 110 S. W. 672.]

Here it appears plaintiff instituted suit before a justice of the peace against defendant on a promissory note. Defendant interposed a written answer thereto,

in which he admitted the execution of the note, but pleaded that it was given without consideration whatever, and, moreover, that it was a usurious transaction. On the trial plaintiff prevailed and defendant appealed, as is said before, to the circuit court. In due time he caused the transcript and the original papers before the justice to be filed with the clerk of the circuit court, paid the filing fee required by law, and gave notice of his appeal to defendant. It appears, therefore, that he prosecuted his appeal with diligence, but when the cause was called for trial both defendant and his counsel were absent from the court room. The cause coming on to be heard, it is said the court heard proof on the part of plaintiff and affirmed the judgment of the justice on February twenty-eighth. On Marth 4 thereafter, during the same term, defendant filed his motion to set aside the judgment, for the reason that he had arranged to be in court on a telephone massage from his counsel when the case was ready for trial, and the counsel was prevented from being present because of having been suddenly taken severely sick while en route to the courthouse. Among other things the motion to set aside the judgment sets forth that defendant has a meritorious and valid defense to the note sued on, in that it was given without any consideration whatever, and that the transaction involved usury as well. Several affidavits were filed on the part of defendant in support of the motion, and others were filed on the part of plaintiff tending to deny the meritorious defense set forth, both in defendant's motion and the affidavits filed by him in support thereof. The affidavits filed on the part of defendant tended to show a meritorious defense to the cause of action, and, indeed, if the facts set forth therein should be found by the jury to be true, a sufficient defense appears. This being true, that feature of the matter will not be discussed.

On the question of diligence it appears from the affidavits that defendant had arranged with his

counsel to be called by telephone when the case was ready to proceed and that he was at work at a convenient place so that he could be present at the trial on fifteen minutes' notice. Defendant's case stood eighth on the docket for the day and the court was engaged in the trial of another case at the time, which would consume several hours. The docket was sounded by the court at the morning hour and neither defendant nor his counsel was present. Thereupon judgment was given for plaintiff about ten o'clock a. m. Defendant's counsel, it is said, was en route to the court room to look after the case when suddenly stricken with sickness, severe cramps and a spell of acute indigestion, which detained him for a time. He reached the court room, however, at about eleven o'clock, and learned from the deputy clerk that judgment had been entered against his client in the case. He thereupon informed the deputy clerk in charge that he had been overcome with sickness and unavoidably delayed, and thereupon went to his office and telephoned the counsel for plaintiff requesting that the judgment should be set aside, but this request was denied. There is nothing in any of the affidavits going to deny that defendant's counsel was stricken with sickness and detained from the court room on that account, but plaintiff's counsel says that the counsel for defendant told him over the telephone that he had been detained in another court room and was absent because of that. There can be no doubt that the trial court is invested with a large measure of discretion in disposing of motions of the character of that involved here, and it is true, too, that an appellate court is less likely to interfere in such matters when the judgment is set aside than when it is not. However, the discretion of the trial court in such cases is neither an arbitrary nor a capricious one, but rather a judicial discretion, to be exercised in the spirit of the law. If, on such an application, it appears that the party complaining has been duly diligent—that is, has exer-

cised such precautions toward preparing for and being present at the trial as a reasonably prudent person would do in like circumstances—and that he has what appears to be a meritorious defense to the suit, the judgment should be set aside on motion, for it is the policy of the law that every one shall have his day in court. The cases disclose, as a general rule, that the court should exercise its discretion in favor of a trial on the merits where a reasonable excuse is shown on the part of the defendant and a meritorious defense appears, especially when no substantial injury will result therefrom . [See Hall v. McConey, 152 Mo. App. 1, 132 S. W. 618; Parks v. Coyne, 156 Mo. App. 379, 137 S. W. 335; Currey v. Zinc. etc. Co., 157 Mo. App. 423, 139 S. W. 212; Judah v. Hogan, 67 Mo. 252; Tucker v. St. Louis Life Ins. Co., 63 Mo. 588.]

Here it appears that defendant was reasonably diligent and had performed all of the requirements of the law by prosecuting and giving notice of the appeal toward procuring a trial on the merits of the case. He was situated where he could reach the court room in fifteen minutes on the call of his counsel who was to look after the case and notify him in due time. He is the defendant and therefore could be in attendance in due time if called even when the case was taken up. The counsel knew the case then on trial would consume several hours before it was finished and defendant's cause was set eighth on the docket for the day. It appears defendant's counsel reached the court room by eleven o'clock and that he would have been there before the case was disposed of except for the fact that he was stricken with sickness en route which detained him. Though plaintiff's counsel says that defendant's counsel said to him over the telephone afterwards, during the same day that he had been detained in another court room, no one denies that plaintiff's counsel was actually seized with acute indigestion and rendered sick and unable to attend the trial before he did. This

being true, it is entirely clear that neither defendant nor his counsel was negligent with respect to the matter, but rather their failure to appear was to be attributed to unavoidable sickness of defendant's counsel. In such circumstances, the excuse is a valid one, when considered from the standpoint of diligence, and should have been so treated by the trial court. [See Stout v. Lewis, 11 Mo. 438.]

The judgment should, therefore, be set aside, unless the argument is to prevail that the defendant's meritorious defense was overcome by the affidavits denying it on the part of plaintiff. There is much in the affidavits filed by plaintiff in opposition to those filed by defendant tending to deny the defense, and it is said in some of them that defendant admitted the note was a valid claim and agreed to pay it. It may be that the trial court found the issue touching this matter for plaintiff, but if it did, error inheres with respect thereto. Obviously this matter is for the jury in the trial on its merits, and not to be determined on mere affidavits filed to contradict those in support of the meritorious defense appearing in the motion to set the judgment aside. Counter affidavits, or portions of them which go alone to the question of meritorious defense, are not to be considered, for it is sufficient if the defense revealed appears to be meritorious and that the evidence tends to establish it for the consideration of the jury. In other words, the court is not to weigh the evidence touching this matter of the defense with nicety, but will take into account only the tendency of it and the probability of the result of the trial upon the merits. If the defense set forth in the motion is a valid one and the facts related in the affidavits tend to establish it, so that a question for the jury may appear thereon, it will suffice and the judgment should be set aside, to the end that a trial of the issue may be had. [See Hall v. McConey, 152 Mo. App. 1, 8, 132 S. W. 618; State Ins. Co. v. Granger, 62 Ia. 272; 6 Ency. Pl. & Pr. 158, 159.]

It sufficiently appears from the motion and the affidavits in support of it that defendant has a good defense, if established to the satisfaction of the jury, and he should not be deprived of his right to a jury trial by the showing which tended to contradict it, made in the counter affidavits for plaintiff.

It is true that a counter showing on the question of negligence or touching the excuse for the failure of defendant or his counsel to be present is competent matter for consideration in the trial court on the hearing of the motion, and if there was substantial evidence in the affidavit tending to prove that defendant's counsel was not overcome with sickness and detained, we would incline to support the judgment on the theory that the court had found the fact to be otherwise. [See 6 Ency. Pl. & Pr. 159.] But no one contradicts the statement in the affidavit that defendant's counsel was suddenly seized with sickness, as above stated, which detained him, and there are statements in other affidavits tending to prove that he complained to others of his condition immediately thereafter. This being true, we must treat the matter of the sickness of counsel and his unavaidable detention thereby as established in the case and not denied.

It would seem that the court either treated defendant's meritorious defense as overthrown by the showing made in the counter affidavits or exercised its discretion in an arbitrary manner. In either event, error appears, and the judgment should be reversed and the cause remanded therefor. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.