## CRAGIN v. HENDERSON COUNTY OIL DE-VELOPMENT CO.   (No. 570–4380.)

(Commission of Appeals of Texas, Section B. Feb. 15, 1926.)

**1. Judgment ⊜145(4) — Applicant for new trial, after default judgment, must show "meritorious defense" which, established, would produce different result.**

An applicant for new trial against whom a default judgment has been entered, though free from negligence in the matter of default, must set forth a meritorious defense;· that is, one which if established upon another trial will produce a different result.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Meritorious Defense.]

**2. Judgment ⊜163—Scope of inquiry upon motion to set aside default is limited to ascertainment of existence of prima facie defense.**

The scope of inquiry upon a motion to set aside a default judgment is limited to the ascertainment of the·existence of a prima facie defense, and inquiry as to the truth of defense on counter affidavits or contradictory testimony, even if received without objection of movant, is error.

**3. Appeal and error ⊜935(2)—Not presumeu that trial court exceeded commonly recognized limitations upon his powers in passing on motion to set aside default judgment.**

It should not be presumed that the·trial court, in passing upon a motion to set aside a default judgment, exceeded the commonly recognized limitations upon his power, unless it very clearly appears that the parties and the court contemplated a final determination of the facts.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by the Henderson County Oil Development Company against F. E. Cragin and another, in which a default judgment was rendered for plaintiff. An order denying defendants' motion for new trial, was affirmed (270 S. W. 202), and defendant named brings error. Reversed and remanded for new trial.

Crane & Crane and Edward Crane, all of Dallas, for plaintiff in error.

J. J. Faulk, of Athens, for defendant in error.

SPEER, J. Henderson County Oil Development Company, a joint-stock association, sued F. E. Cragin and H. T. Ables to recover damages for the breach of a written contract to drill an oil well. The district court of Henderson county wherein the suit was pending convened on Monday, August 20, 1923, and continued in session until October 2, 1923. On August 21 the court made an order setting the case for trial on September 10, 1923. The defendants were represented by Messrs. Crane and Crane, attorneys at law residing in Dallas, and had duly answered. The attorneys for the defendants were advised of the setting for September 10, and immediately they notified counsel for plaintiff that they no longer represented defendants, and that they would immediately file a motion to be permitted to withdraw from the case. This motion was filed, and on August 31 the same was heard by the court and granted. Upon the same day the court, assuming that the defendants had abandoned further defense, called and tried the case and rendered judgment for the plaintiff against both defendants for the·sum of $12,500. Cragin, who, it seems, learned for the first time of the withdrawal of his counsel during the first week in September, immediately went to Dallas and arranged with the firm to continue as his counsel, and a member of the firm then called counsel for plaintiff with reference to securing a postponement of the trial to a later day of the term, and learned for the first time of the ex parte trial and judgment on August 31. On September 10, the day for which the case had been previously set for trial, Cragin and his counsel appeared in the district court and filed a motion for a new trial. This motion set up facts tending to excuse defendant and his counsel for the default judgment, and, furthermore, set up facts which, if true, would constitute·a meritorious defense. Upon considering the motion, the court heard evidence both by affidavits and oral testimony upon both issues of diligence and meritorious defense, and thereupon overruled the motion. The Court of Civil Appeals, upon defendant Cragin's appeal, affirmed the judgment of the district court. 270 S. W. 202. This affirmance is called in question by the writ of error granted herein.

The Court of Civil Appeals held that plaintiff in error was not inexcusably negligent in the matter of presenting his defense in the case, but affirmed the judgment denying a new trial upon the theory that the trial court determined the merits of plaintiff in error's defense adversely to him upon the evidence touching such issue submitted without objection from plaintiff in error. It is clear that court was controlled in its decision by such a consideration, because it says:

"The issues of fact raised by the conflicting evidence submitted by plaintiffs and defendants respectively, were, without objection from the defendants, submitted to the court for determination and decided against defendants. The evidence was sufficient to support a finding by the court that each of said defenses was without merit. The court having overruled the motion, must be presumed to have so found."

In this holding we think the Court of Civil Appeals erred. The case stands thus: Plaintiff in error has made his application to set aside a default judgment, and in support thereof has shown facts excusing him from

CRAGIN v. HENDERSON COUNTY OIL DEVELOPMENT CO.

negligence, and at the same time has set forth facts which, standing alone, if true, would change the result upon another trial. The defendant in error, upon the hearing of such motion, submitted testimony which was heard without objection, tending to show that plaintiff in error's prima facie meritorious defense was not true. The question arises under such circumstances: Should the trial court grant or refuse the new trial? We think the authorities require, under such circumstances, that a new trial be granted.

[1, 2] We think the true rule in such cases is this: An applicant for a new trial who has shown himself free from negligence in the matter of default against him is required to set forth a meritorious defense, one which if established upon another trial will produce a different result. But when he has thus set forth such meritorious defense, supported by such affidavits or other evidence as prima facie to entitle him to a new trial, such new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion. It is, as stated by the Court of Civil Appeals in its opinion in this case:

"The procedure on hearing of motions for a new trial in such cases as this, as adopted and applied by the courts of this state, does not contemplate a trial of the issues alleged in such motions as constituting meritorious defenses to the cause of action on which such judgments were rendered. Such a motion is sufficient if the grounds of defense relied on are clearly and distinctly set forth, if they appear on their face to constitute a defense in whole or in part to the cause of action upon which the judgment sought to be set aside was rendered, and if they are fully supported by affidavits or other proof of verity."

[3] This being the rule thus limiting the scope of the inquiry upon such hearing, it should not be presumed that the trial court did more than it was authorized to do under the commonly accepted procedure in such cases by proceeding to a determination of the merits of the case in the absence of a jury and without the ordinary facilities for nisi trial. Without determining whether in such case the trial court would have jurisdiction to pass upon such issue, we do hold that it should not be presumed that he has exceeded the commonly recognized limitations upon his powers unless it very clearly appeared that all parties and the court contemplated a final determination of the facts upon the issue of meritorious defense. E. P. & S. W. Ry. Co. v. Kelley, 87 S. W. 660, 99 Tex. 87, is decisive of the question of practice here presented. In that case a motion to set aside a default judgment excused the defendant's negligence and set forth a meritorious defense, which, however, was contradicted by the affidavit of the plaintiff. The trial court overruled the motion, and the Court of Civil Appeals affirmed its decision. But the Supreme Court reversed both courts, saying:

"'When a motion for new trial is made on the ground that the party making it was not represented at the trial, or if present in person or by attorney, on the ground that he had no pleadings filed making the issues on which his rights depended, the rule seems to be established in this state that, in addition to excusing his absence or failure to plead, the party must also show by a sufficiently circumstantial statement that he has a meritorious cause of action or defense. Stating generally that he has a meritorious cause of action or defense is not sufficient. Enough should be stated, supported by affidavit, to show at least a prima facie case.' The facts stated in the motion and in the affidavit of F. B. Wilson are sufficient prima facie to rebut the allegation of negligence on the part of Hooper in starting the steam engine; also to establish prima facie contributory negligence on the part of Kelley. * * * We think that the facts as set up entitled the defendants, under the finding of the court that they were not negligent, to have the judgment by default set aside."

In that case, there being conflicting evidence heard upon the motion, it is apparent the Supreme Court did not consider the implied or even express finding as to the merits of the defense in any way binding as an issue of fact. The only purpose and intent of the requirement that a meritorious defense be shown is that a prima facie defense be stated which, if established on another trial in the usual course of proceeding, would result in a different decision. It is not contemplated that the trial judge will enter into any hearing as to the facts thus set up in defense, further than to ascertain if a prima facie defense has been set up, such as if established upon another trial, will avail the complainant.

The cases relied upon by the Court of Civil Appeals for its holding are not to be construed as sanctioning the rule of practice announced by it. The latest one of those cases, Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195. indicates very clearly that the extent of the scope of inquiry on the motion for rehearing with respect to the meritorious defense urged is this: That the trial court will hear affidavits or other evidence for the purpose only of determining whether a prima facie case or defense has been shown, and not to determine absolutely or to weigh with exact certainty the facts pro and con such issue. It is there said:

"The motion itself set up a good defense, in that it alleged that the notes were without consideration, and were executed merely as accommodation paper. Defendant made no objection to the filing or consideration of the answer controverting his allegations of meritorious defense; but, on the contrary, appears to have joined issue with plaintiffs and offered himself as a witness to establish, not only his alleged excuse, but also that the notes were in fact without consideration. Under these circumstances, we think it was proper to show, by cross-examination, all the facts within defendant's knowledge, in order to determine whether a prima facie case, which, if true, would change the re-

sult upon a subsequent trial, in fact existed. Upon the hearing of the motion, the court could not, over objection, determine a controverted issue of fact as to the merits of the defense; but we see no reason why, under the procedure adopted by defendant himself, the court could not look to plaintiffs' entire testimony to determine whether or not, if true, it would present a prima facie case for submission to a jury. See Sugg v. Thornton, 73 Tex. 669, 9 S. W. 145.

"Where a party moves for a new trial and in support of his right asserts that he can prove a certain fact by a certain witness, and then offers that witness to show what his testimony will be, it would be an extremely narrow and technical rule which would preclude cross-examination of the witness for the purpose of showing by him that he would not testify to the fact which it is alleged his testimony would establish."

In that case it is apparent the Supreme Court considered the entire testimony of the defendant as a part of his motion, and construed the same to fall short of a prima facie defense. The case cannot be construed as a holding that the trial court, even without objection, may hear and consider evidence in contradiction of the prima facie defense made in the motion. The other authorities, to wit, Sugg v. Thornton, 9 S. W. 145, 73 Tex. 666, and Life Ins. Co. v. Williams, 15 S. W. 478, 79 Tex. 633, are cases where the contrary affidavits and evidence were considered upon the issue of negligence, an issue peculiarly for the determination of the trial judge.

The rule we have here announced is not only in keeping with the decisions of our Supreme Court, but is likewise in keeping with the uniform rule throughout the United States. 34 C. J. p. 355, § 571, epitomizes the decisions as follows:

"The party seeking to sustain a judgment as against a motion to set it aside may present for the consideration of the court affidavits in opposition to those of the moving party in regard to the alleged grounds for vacating the judgment or the matters set up in excuse or defendant's failure to make his defense in due time. But the existence of a meritorious cause of action or defense as shown by the moving party's affidavit of merit, cannot be controverted by counter affidavits, because upon the application to vacate, the court does not try and determine whether or not a cause of action or defense exists in point of fact, but only whether such a prima facie case has been made as ought to be tried and determined in the regular way."

For this statement numerous authorities are cited, many of which have been examined by us and found to be in point. The reasons underlying these decisions are practically the same, and are typified by the following:

"It is well settled that a default will not be set aside unless a sufficient affidavit of merit is filed; but proper practice does not permit the facts stated in defendant's affidavit, which constitute his defense to the action, to be rebutted by counter affidavits. The court will not try the merits of the case upon affidavits, but will hear counter affidavits as to the excuse for permitting the default." Douglass v. Todd, 31 P. 623, 96 Cal. 655, 31 Am. St. Rep. 247.

"The judgment should therefore be set aside unless the argument is to prevail that the defendant's meritorious defense was overcome by the affidavits denying it on the part of plaintiff. There is much in the affidavits filed by plaintiff in opposition to those filed by defendant tending to deny the defense. * * * It may be that the trial court found the issue touching this matter for plaintiff, but if it did, error inheres with respect thereto. Obviously this matter is for the jury in the trial on its merits, and not to be determined on mere affidavits filed to contradict those in support of the meritorious defense appearing in the motion to set the judgment aside. Counter affidavits or portions of them which go alone to the question of meritorious defense are not to be considered, for it is sufficient if the defense revealed appears to be meritorious, and that the evidence tends to establish it for the consideration of the jury. * * * If the defense set forth in the motion is a valid one, and the facts related in the affidavits tend to establish it, so that a question for the jury may appear thereon, it will suffice, and the judgment should be set aside, to the end that a trial of the issue may be had. * * * It sufficiently appears from the motion and the affidavits in support of it that the defendant has a good defense if established to the satisfaction of the jury, and he should not be deprived of his right to a jury trial by the showing which tended to contradict it, made in the counter affidavits for plaintiff." Armstrong v. Elrick, 160 S. W. 1019, 177 Mo. App. 640.

"But the question may be raised as to whether or not it is permissible to contradict the prima facie showing of the applicant as to the defense to action. * * * The rule by the great weight of authority, however, appears to be that it is not permissible to contradict the allegations of merits as set up by the applicant and supported by his affidavit." McLaughlin v. Nettleton, 105 P. 662, 25 Okl. 319.

"Upon the question of appellant's defense, these affidavits cannot be contradicted in this proceeding. Lake v. Jones, 49 Ind. 297." Beatty v. O'Connor, 5 N. E. 880, 106 Ind. 81.

"If the application shows that the petitioner has a meritorious defense, neither counter affidavits nor other evidence are admissible to contradict such showing. * * * It follows that the evidence tending to refute appellant's defense was improperly admitted, and cannot be considered for any purpose. When the facts stated in the application for relief show that the defaulting party has a meritorious defense, and that the default was taken through the mistake, inadvertence, surprise, or excusable neglect of such party, the trial court has no discretion, but must grant the relief." Haas v. Schrum, 124 N. E. 761, 72 Ind. App. 381.

"We are also of the opinion that no evidence in addition to that offered by defendant in support of the motion can be received as to the merits of the defense. That is, if the affidavit of merits shows a defense good in law, it must in this proceeding be accepted, and there can be no further inquiry as to the truth of the defense. But that question is left for determination upon the trial, if a retrial is granted." Joerns v. La Nicca, 38 N. W. 129, 75 Iowa, 705.

"The court, however, could not consider matters offered by respondent going to the merits. If appellant presented a good and meritorious defense on paper, the only way to meet it would be to do so at the trial of the case, and not by affidavit. The merits must be tried out in the regular way." Cutler v. Haycock, 90 P. 897, 32 Utah, 354.

The same rule is announced by the text-writers. Black on Judgments (2d Ed.) vol. 1, p. 547, says:

"But while the court may inquire whether the proposed defense is meritorious and whether it would be sufficient if established to defeat the plaintiff's claim, the inquiry does not include the truth of the defense. If the proposed plea or answer is investigated at all, on the motion to vacate or upon the final judgment, it is only to the extent of ascertaining whether the facts set up, assuming their truth, constitute a good and meritorious defense. Those facts must, of course, be proved on the subsequent trial, but they are not an issue on the motion to set aside the judgment. Hence, generally speaking, counter affidavits cannot be filed nor counter evidence heard in any form as to the matters alleged as constituting a defense to the original action."

It is thus apparent the scope of inquiry upon a motion to set aside is limited in the respect under consideration to ascertaining if a prima facie defense has been stated, and that any further inquiry as to the exact truth of this defense is beyond the pleadings. If this be true, then of course evidence heard beyond the scope of the inquiry would not be admissible or competent for any purpose, and could not in any event form the basis of decision. For the reasons given, we recommend that the judgments of both the trial court and the Court of Civil Appeals be reversed and the cause remanded for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.