## ADAMS v. FIRST NAT. BANK OF SAN AUGUSTINE. (No. 1509.)

Court of Civil Appeals of Texas. Beaumont. May 3, 1927.

1. **Judgment ⟞463—Sufficiency of facts, alleged as excuse for absence at former trial, is for court in suit to cancel judgment.**

In suit to cancel judgment, sufficiency of facts, set out in petition as excuse for absence of applicant at trial, is matter for determination of trial judge.

2. **Judgment ⟞463—Truth of facts set out as excuse for absence at trial is for jury in suit to cancel judgment.**

In suit to cancel judgment, where jury is demanded, question of truth of facts set out by complaining party as excuse for absence at trial, is for jury.

3. **Judgment ⟞443(1)—One seeking cancellation of judgment for fraud was required to allege facts negativing negligence and showing meritorious defense, assertion of which was prevented by fraud.**

One seeking to cancel judgment alleged to have been obtained by fraud was required to plead facts showing he was not negligent in failing to be present at trial, and to allege facts showing meritorious defense which he was prevented from making by fraud.

4. **Judgment ⟞443(2)—Failure to be present at trial was excused, if due to breach by opposing attorney of promise not to call case in defendant's absence.**

If defendant failed to be present at trial on account of action of opposing attorney in calling case in defendant's absence, in violation of agreement, defendant was acquitted of negligence permitting setting aside of judgment.

5. **Judgment ⟞463—Whether one seeking cancellation of judgment was excused from negligence in failing to be present at trial held for jury.**

In action to cancel judgment for fraud, whether judgment debtor was acquitted of negligent failure to be present at former trial *held* issue for jury; truth of facts alleged being denied.

6. **Corporations ⟞592—Corporation is not dissolved by forfeiture of charter for failure to pay franchise tax.**

Forfeiture of corporation's charter for failure to pay franchise tax does not have effect to dissolve corporation.

7. **Judgment ⟞447(2)—Meritorious defense was shown in action to set aside judgment on note by petition alleging note was ultra vires of corporation in whose behalf it was executed.**

In judgment debtor's suit to set aside judgment which has been allegedly obtained by fraud, petition alleging note sued on was executed in behalf of corporation and was ultra vires *held* to show meritorious defense, even if plaintiff received proceeds of corporation after its dissolution.

8. **Corporations ⟞617(1)—Person receiving corporation's assets after dissolution is not liable on corporation's ultra vires contract.**

One who receives proceeds of corporation after dissolution is not liable for notes executed in behalf of corporation for obligation beyond power of corporation to contract.

9. **Judgment ⟞460(6)—Prima facie showing of meritorious defense in plaintiff's petition is sufficient in suit to cancel judgment.**

In suit to cancel judgment, petition which makes prima facie showing of meritorious defense to former suit is sufficient.

10. **Judgment ⟞463—Question of meritorious defense after prima facie showing thereof in petition to cancel judgment can be determined only on new trial after judgment is set aside.**

Determination of question of meritorious defense cannot be had in suit to cancel judgment, after prima facie showing is once made by petition, but only upon new trial after setting aside of judgment originally obtained.

Appeal from District Court, San Augustine County; V. H. Stark, Judge.

Suit by Mrs. J. F. Adams against the First National Bank of San Augustine. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

S. M. Adams, of Nacogdoches, for appellant.

J. R. Bogard, of San Augustine, for appellee.

HIGHTOWER, C. J. This is an original suit filed in the district court of San Augustine county by the appellant here, Mrs. J. F. Adams, a feme sole, against the First National Bank of San Augustine, Tex., to cancel

and annul a judgment of that court rendered in favor of the First National Bank of San Augustine, Tex., against Harry Wiley and Mrs. J. F. Adams, jointly and severally, and against Harry Wiley & Co., on July 30, 1925, in cause No. 2537, styled "First National Bank of San Augustine v. Harry Wiley et al.," for the sum of $4,035.35. In that suit, which, for brevity, will be 'hereinafter referred to as the former suit, the First National Bank of San Augustine, Tex., was suing Harry Wiley and Harry Wiley & Co. on a promissory note, which the bank in that suit alleged was executed by Harry Wiley, as principal, and indorsed by Harry Wiley & Co. The note was for the amount of $2,900, was dated February 21, 1923, and bore interest at the rate of 10 per cent. per annum from its date, and provided for 10 per cent. attorney's fees, etc. That suit was filed December 22, 1923. At the January term of the court following, which convened January 6, 1924; the defendants in that suit, including appellant here, Mrs. Adams, filed their answer, interposing a general demurrer, a general denial, and specially averring that Harry Wiley & Co. was not a copartnership, as alleged by the plaintiff bank in that suit, but that, on the contrary, Harry Wiley & Co. was a corporation duly incorporated under the laws of this state. The prayer in the answer was that the plaintiff bank take nothing by its suit, and that the defendants go hence without day.

It appears from the present record that, when the former suit was called for trial at the January term of the court, 1924, it was continued by agreement of counsel, and, in short, it was continued by agreement thereafter until the convening of the court for the July term, 1925.

On July 3, 1925, the plaintiff bank in the former suit filed what is termed a first amended original petition, in which it reiterated all the allegations contained in its original petition touching the execution of the note, and added the following allegations:

"And now comes the plaintiff and for further plea in this behalf will show to the court that, if it is mistaken in its allegation that the defendant Harry Wiley & Co. was a partnership composed of Harry Wiley and Mrs. J. F. Adams, and that the said Harry Wiley & Co. was a corporation on the 21st day of February, A. D. 1923, then plaintiff says that on the last-mentioned date said corporation indorsed the note fully described and set out in paragraph 2 above, for a valuable consideration and thereby became liable and bound to pay plaintiff and promised plaintiff to pay it the sum of money in said note specified, together with all interest and attorney's fees due thereon according to the tenor and effect thereof.

"That, subsequent to the execution of the note herein sued upon said corporation was dissolved, and that the said defendants Harry Wiley and Mrs. J. F. Adams owned all of the stock of said corporation and on the dissolution, or whether dissolved or not, received all of the assets of said corporation, which said assets so received by the said Harry Wiley and Mrs. J. F. Adams amounted to more than $10,000, after the payment of all liabilities due by said corporation, save and except the debt herein sued on, and the assets of said corporation so received by said defendants Harry Wiley and Mrs. J. F. Adams were more than sufficient to pay the note herein sued upon, and by so receiving said assets said stockholders became bound and liable to pay plaintiff the sum of money in said note above specified, together with all interest and attorney's fees due thereon."

The prayer was the same as in the original petition.

When the former suit was tried on July 30, 1925, and judgment rendered against the defendants, as we have stated, neither appellant, Mrs. Adams, nor her attorney, was present, but the trial was ex parte. In her petition in this suit, appellant alleged, in substance, that the reason she and her attorney were not present at the trial of the former suit was that there was an agreement between her attorney, Hon. S. M. Adams, and the bank's attorney, Hon. J. R. Bogard, entered into about the time the court convened for the July term, 1925, to the effect that the former suit would not be called for trial by the attorney for the bank in the absence of appellant's attorney, and that the bank's attorney, Mr. Bogard, agreed and promised to have the former suit set and to notify appellant's attorney, Mr. Adams, of such setting, but that, in disregard of such agreement, the former suit was called for trial by the attorney in the absence of appellant's attorney, and judgment taken against her on an ex parte trial, which judgment would not have been secured against her had appellant and her, attorney been present at the trial, and, in short, that the judgment against her was procured under such circumstances as amounted to a legal fraud upon her. Appellant alleged, in this connection, the facts in detail as to the agreement between her attorney and the bank's attorney in the former suit, and that it was relied upon by her attorney, and that she was expecting her attorney to notify her when to be present in San Augustine for the trial, and that she would have been present with her attorney but for the legal fraud practiced upon her.

As showing a meritorious defense that she could have interposed in the former suit, appellant further alleged in this suit that it is true, as was alleged in her original answer in the former suit, that Harry Wiley & Co., at the time of the execution of the note made the basis of the former suit, was not a copartnership, but that it was a corporation, and that she was not liable on the note to the bank, as claimed in the former suit, either as an individual, or as the member of any

copartnership, or in any other respect. She alleged further that she had never consented to the execution of said note by Harry Wiley, and never knew that he had executed the same, and that, if Harry Wiley wrote the indorsement of the name of the corporation, Harry Wiley & Co.; on the note, he was not authorized to do so by appellant, nor was he authorized by the corporation of Harry Wiley & Co., and that his act in attempting to bind the corporation of Harry Wiley & Co. was ultra vires that corporation, and that therefore appellant was not liable in any respect or for any reason upon the note. Appellant's petition in this suit was duly verified by affidavit, and the prayer was that the judgment in the former suit be annulled and set aside as to her, and that she be granted a new trial, and for general relief, both legal and equitable.

Appellee, the First National Bank of San Augustine, answered this suit by a general demurrer and general denial.

When the case was called for trial, a jury was demanded, and, after the pleadings and the evidence, such as was introduced, had been heard, the trial judge peremptorily instructed a verdict in favor of the appellee, and entered judgment thereupon denying to appellant any relief as prayed. It is from that order and judgment that this appeal is prosecuted.

[1, 2] Appellant contends, in substance, that the trial court was in error in peremptorily instructing the verdict and entering its judgment against her, because, as her counsel contends, her petition in this case alleged facts that excused the absence of herself and her attorney at the trial of the former suit, and also alleged facts showing that she had a meritorious defense to the former suit, which she was deprived of the right to interpose by the conduct and acts of appellee's attorney in the former suit, which amounted to a legal fraud upon her. The only counterproposition interposed by learned counsel for appellee is, in substance, that appellant failed to show in this suit that she had a meritorious defense to the former suit. Counsel for appellee do not contend that appellant's verified petition in this suit, detailing the facts as to why she and her attorney were not present at the trial of the former suit, does not acquit her and her attorney of a negligent failure to be present at the trial of the former suit, but, as stated, their only contention is that a meritorious defense to the former suit was not shown in this suit. We do not mean to say that counsel for appellee concede that the trial of the former suit was had in breach of any agreement with appellant's attorney in that suit. Indeed, this record reflects that Mr. Bogard, who was attorney for the bank in the former suit, emphatically denied any agreement between himself and Mr. Adams, attorney for appellant in the former

suit, to the effect that the latter would be notified of the setting of that suit, and that it would not be called for trial in his absence. This, however, is a question of fact, which, of course, this court has no authority or desire to determine, but, on the contrary, it was a question of fact that was for the determination of the jury that was chosen in the case. The sufficiency of the facts offered as an excuse for the absence of appellant and her attorney at the trial of the former suit was a matter for the determination of the trial judge, but the truth as to the existence of those facts was a matter for the determination of the jury. Presumably the trial judge was of the opinion that the facts alleged by appellant excusing the failure of herself and attorney to be present at the trial of the former suit were sufficient, if true, to excuse their absence, because the trial court overruled the appellee's general demurrer. From the record, however, it seems that the trial judge concluded that appellant failed to show on the trial of this case that she had a meritorious defense to the former suit, and for that reason peremptorily instructed the verdict against her in this case. If such was the trial court's reason for peremptorily instructing the verdict, his action, under the authorities, was clearly erroneous.

[3-5] Before appellant in this case would be entitled to the relief sought by her, it was requisite that her petition allege sufficient facts to acquit herself and attorney of a negligent failure to be present at the trial of the former suit, and also it was incumbent upon her to allege facts showing that she had a meritorious defense to the former suit, which she was prevented from making by the fraud as alleged by her on the part of the bank's attorney in that suit. If her petition in this case made this showing, she was entitled to have the former judgment as to her canceled and annulled and a new trial granted as prayed by her. We agree with what seems to have been the view of the trial court, that appellant's petition in this suit alleged facts which, if true, acquitted her and her attorney of a negligent failure to be present at the trial of the former suit. The sufficiency of the facts set up as an excuse for their absence was a question of law for the court, and he evidently determined that in appellant's favor when he overruled a general demurrer, but as to whether the facts alleged by her acquitted herself and attorney of a negligent failure to be present at the former trial made an issue of fact which was for the determination of the jury in the case, and the court could not take that issue away from the jury.

[6-8] It is also clear to us that appellant's petition in this suit alleged facts which, if true, showed that she had a meritorious defense to the former suit. If it be true, as alleged by her in the present suit, that Harry

Wiley & Co. was not a copartnership, she could not be liable upon the note upon which the judgment in the former suit was recovered, as a partner in the concern of Harry Wiley & Co. That is the theory upon which the judgment in the former suit evidently is based. If Harry Wiley & Co. was a corporation at the time of the execution of the note upon which the judgment in the former suit rests, and if Harry Wiley, assuming to act for the corporation, indorsed the name of Harry Wiley & Co. upon the note, for a purpose not authorized by the corporation, as alleged by appellant in this suit—in other words, if his act was ultra vires the corporation, as alleged by her—then she could not be bound upon the theory that she had received the proceeds of the corporation, even if it was ever dissolved, or whether dissolved or not. We note that there is some evidence in this record that the charter of Harry Wiley & Co. had been forfeited by the secretary of state before the execution of the note sued on in the former suit for failure of the corporation to pay its franchise tax, but that would not have the effect to dissolve the corporation, as counsel for appellee seem to think. It is true that the corporation had no right to do business in this state after the forfeiture of its charter, and was subject to a penalty if it did so, but still the forfeiture of the charter could not have the effect to dissolve the corporation. Therefore, if, upon another trial, appellant can establish her contention that the judgment against her on the theory that she was a partner in the copartnership of Harry Wiley & Co. was wrong, or if she can establish that the note which she alleges was executed by Harry Wiley without her knowledge or consent, although Harry Wiley & Co. was at that time a corporation, that his act in the execution of the note was ultra vires the corporation, she would not be liable upon the note upon any theory. She has alleged in her petition in this suit that Harry Wiley & Co. was incorporated as a retail mercantile business in the vicinity of San Augustine, Tex., and that this note, if executed by Harry Wiley and indorsed by him for the corporation, was executed for the purpose of buying bank stock from the plaintiff bank in the former suit, and that the corporation was not authorized to execute a note for any such purpose. Therefore it is clear that appellant's petition in this case shows a meritorious defense, if the facts stated by her are true, to the suit of the bank on the note in the former suit.

[9, 10] This question of meritorious defense could not be gone into on the facts upon the trial of this case, but it was only required that her petition as to that matter made a prima facie showing that she had, in fact, a meritorious defense to the former suit. The court was not authorized to enter into a determination of the facts bearing upon the issue of meritorious defense, as seems to have been clearly held by the Commission of Appeals of this state in the case of Cragin v. Henderson County Oil Development Co., 280 S. W. 554. It appears, from the authorities discussed in that opinion, that determination of the question of meritorious defense, after that is once made by the petition, is a question that can only be determined upon a new trial, after the original judgment shall have been set aside. The opinion of the Commission of Appeals in that case is very interesting, and discusses at length the leading authorities, both courts of last resort and text-writers, on the question, and the opinion is fully approved by the Supreme Court itself. We can add nothing to what is there said, and shall not attempt to do so.

The trial court was in error in peremptorily instructing the jury in this case against appellant, and for that reason the judgment must be reversed and the cause remanded. If upon another trial of this suit a jury shall be demanded by either side, the only issue of fact to be submitted would be as to the truth of the facts alleged by appellant as an excuse for the absence of herself and counsel at the former trial, and the jury will have nothing to do with the question of meritorious defense. That must be determined from the verified petition itself.

Judgment reversed, and cause remanded.